OPINION
Plaintiff Ronald Wayne Arthur appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Ashland County, Ohio, which granted the parties a divorce, allocated the parental rights and obligations of the parties regarding their two minor children, set an amount for child support and spousal support, and divided the marital property between the parties. Only the financial aspects of the divorce are contested. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
 THE TRIAL COURT'S NET AWARD OF $33,396 TO DEFENDANT AND NEGATIVE $5,950 TO PLAINTIFF IN MARITAL PROPERTY DIVISION CONSTITUTES AN ABUSE OF DISCRETION.
 THE TRIAL COURT'S REQUIREMENT THAT PLAINTIFF MAINTAIN TWO LIFE INSURANCE POLICIES IN THE AMOUNT OF $245,000 IS GROSSLY DISPROPORTIONATE TO HIS CHILD AND SPOUSAL SUPPORT OBLIGATIONS AND CONSTITUTES AN ABUSE OF DISCRETION.
 THE TRIAL COURT DID NOT PROPERLY CONSIDER THE GUIDELINES ESTABLISHED IN R.C. 3105.18(C)(1) IN ITS ESTABLISHMENT OF SPOUSAL SUPPORT AND THE AWARD GIVEN CONSTITUTES AN ABUSE OF DISCRETION.
The record indicates the parties were married fifteen years and produced two children. Appellant is a Master Chief with the United States Naval Services. Since 1994, appellant has lived primarily away from his wife and children, due in part to his service obligations. Appellant is eligible for retirement in September of 1998. Appellee had not worked outside the home during the marriage, but when appellant asked for a divorce, appellee secured temporary employment and attended night school. The court noted appellant holds the highest enlisted position available in the Navy but appellee has an entry level employment position. Appellant's income will vary depending on whether he elects to live on base or to live off base with a housing allowance. For this reason, the court ordered appellant to pay child support of $688.00 per month plus poundage or $796.00 plus poundage. After the older child graduates from high school on or about June 1, 1998, the child support obligation decreases to $475.00 per month plus poundage or $552.00 per month plus poundage, depending upon appellant's living arrangements. The court ordered appellant to maintain his present life insurance policy with the Navy with the children as sole and equal beneficiaries until each child turns 18 or graduates from high school. The death benefit under the life insurance policy is $200,000.00, and the appellee is trustee for the benefit of the children. The court ordered appellant to pay spousal support in the amount of $750.00 per month, until June 30, 2002, unless appellee remarries or cohabits with an adult non-relative male, or either party dies. The spousal support shall be reduced if/when appellant takes his retirement. The court directed appellant to purchase an additional life insurance policy in favor of appellee in the amount of $45,000.00 to assure his spousal support obligation.
The trial court found appellant's Navy pension should be divided fifty-fifty between the parties, and found the value of the pension as of July 30, 1997 was $262,069.00.
The trial court awarded appellant the 1986 Silverado pickup truck with a value of slightly over $1,000.00 to appellant. The court also ordered appellant to pay $7,000.00 of marital debts. The other assets and debts of the marriage were ordered to the wife, with a net value of $33,396.00. To equalize the division between the parties, the court ordered appellee to pay appellant a lump sum amount of approximately $17,000.00, to balance the disproportionate award. However, the court made the payment due on June 30, 2002, and made the payment interest free. Appellee was directed to execute a promissory note and second mortgage to the appellant to secure the lump-sum payment. If appellee does not pay the lump sum on or before June 30, 2002, or upon her remarriage, or non-use of the residence, then the obligation accrues interest at the rate of 8% per annum from the date it was payable through the date it was paid.
The Supreme Court has devised the abuse of discretion standard for reviewing courts to apply when reviewing the propriety of the trial court's determination in a domestic relations case, Booth v. Booth (1989), 44 Ohio St.3d 142 at 144. The Supreme Court has frequently defined the term abuse of discretion as implying ". . . the court's attitude is unreasonable, arbitrary or unconscionable . . . ." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. The Supreme Court has specifically applied the abuse of discretion standard to spousal support orders inBlakemore, supra; and to property division in Martin v. Martin
(1985), 18 Ohio St.3d 292.
 I
In his first assignment of error, appellant argues the trial court's division of the marital property constituted an abuse of discretion. As noted supra, the court attempted to divide the assets and debts equally between the parties, except the lump-sum payoff to appellant is not payable until the year 2002, and it is interest free.
R.C. 3105.171(F) sets forth factors a court must consider in fashioning a division of marital property:
(1) The duration of the marriage;
(2) The assets and liabilities of the spouses;
 (3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
(4) The liquidity of the property to be distributed;
 (5) The economic desirability of retaining intact an asset or an interest in an asset;
 (6) The tax consequences of the property division upon the respective awards to be made to each spouse;
 (7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
 (8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
 (9) Any other factor that the court expressly finds to be relevant and equitable.
Appellee points out if the court had ordered an immediate cash award to equalize a property division, the family residence would most likely have been sold because it was the only marital asset with potential liquidity. The trial court made appellee the residential parent for the children, and set the year 2002 as the date the lump-sum award was due a date which corresponds to the end of the spousal support obligation. Appellee also reminds us she has just recently entered the workforce.
Our review of the record leads us to conclude the trial court did not abuse its discretion in dividing the martial property as it did.
The first assignment of error is overruled.
 II
In his second assignment of error, appellant argues the life insurance policy appellant is required to maintain to insure his child and spousal support obligations are grossly disproportionate to the amount owed and constituted an abuse of discretion. Appellee points out appellant already had the $200,000.00 U.S. Navy life insurance policy at the time of the trial, a benefit appellant receives through his employment. The only additional obligation appellant was ordered to get was a new $45,000.00 term life insurance policy to secure the spousal award.
In Denney v. Denney (January 25, 1985), Montgomery Appellate #8667, the Court of Appeals for Montgomery County noted it is a very usual practice for a parent to fund support for the family after death through life insurance policies. The court in Denney
found insuring the family's support after death in this manner was appropriate and reasonable. We agree.
We find the court's order does not constitute an abuse of discretion, and accordingly, we overrule the second assignment of error.
 III
In his third assignment of error, appellant argues the trial court did not properly consider the guidelines established in R.C. 3105.18(C) in devising the spousal support award. That statute lists the following factors to be considered:
(a) The income of the parties . . .;
(b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage.
 (f) The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
(h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
The trial court specifically found the magistrate's report correctly applied the legal standards relevant to the issues of child support, spousal support, division of assets and debts. For this reason, the court approved the decision and incorporated it into the decree of divorce. The court found an award of spousal support is necessary and appropriate given the parties' relative earning abilities, the appellee's obligation to provide a home for the minor children and maintain a standard of living for the children comparable to the standard they had enjoyed during the parties' marriage, appellant's financial ability to pay, the appellee's contribution to the appellant's career during the marriage, appellee's lost earning capacity during the time she focused on home and family rather than her own career, and the distribution of assets and expenses.
Our review of the record leads us to conclude the trial court did not abuse its discretion in its award of spousal support.
The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Ashland County, Ohio, is affirmed.
By Gwin, P.J., Reader, J., and Wise, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Domestic Relations Division, of Ashland County, Ohio, is affirmed. Costs to appellant.