Appellant Leo Russo is appealing the decision of the Stark County Court of Common Pleas, Domestic Relations Division, as it pertains to the division of marital property and award of spousal support. The following facts give rise to this appeal.
At the time Appellee Cherokee Russo filed for divorce, the parties were married nearly nineteen years and produced six children, one of whom is emancipated. Appellant Leo Russo is self-employed as a cement contractor and is also employed in his father's cement contracting business. In 1996, appellant earned in excess of $120,000. Appellee was a full-time homemaker until the final two years of the marriage, when she began attending college. Appellee's highest income, during the duration of the marriage, was $2,800 per year. The parties owned an eighty-two acre parcel of property valued at $600,000. The land carried no mortgage and the parties had no marital debt.
The trial court designated appellant the residential parent and legal custodian of the children and ordered appellee to pay $60 per month, per child, as child support until January 1, 2002, or the emancipation of the children, or if appellee becomes employed full-time. The trial court ordered appellant to pay appellee $850 per month as spousal support, for sixty months. The trial court found that prior to the marriage, appellant owned a home, of which $55,000 of the proceeds from the sale were used to purchase a curb machine used in appellant's business. The remainder of the proceeds, approximately $30,000, was applied to the marital property. The trial court deducted appellant's $30,000 as separate pre-marital property from the value of the marital estate, and awarded appellee a distributive award of $280,000 in return for a quit claim deed divesting herself of any interest in the marital properties. The trial court directed appellant to pay appellee a lump sum of $280,000 within ninety days of the filing date of the judgment entry or, in lieu of a lump sum payment, to pay appellee a lump sum of $60,000 per year for the next five years, to represent a total of $300,000.
The parties timely filed a notice of appeal to this Court.[1] On March 16, 1998, we issued an opinion vacating the trial court's judgment entry as it pertained to the division of marital property, spousal support and child support. Upon remand, the trial court, by judgment entry dated July 2, 1998, recalculated child support and ordered $10 per pay period. The trial court also recalculated the amount payable to appellee taking into account interest. The trial court ordered interest due in the amount of $52,000, together with the $280,000 originally ordered payable from appellant to appellee. Finally, the trial court ordered spousal support to be increased from the net amount of $650 per month to $1,000 per month.
Appellant timely filed a notice of appeal, from the trial court's July 2, 1998, judgment entry and sets forth the following assignments of error:
 I. THE DECISION OF THE TRIAL COURT DIVIDING PROPERTY IN A MANNER DESCRIBED IN THE JULY 2, 1998 JUDGMENT ENTRY WAS ARBITRARY, CAPRICIOUS AND UNREASONABLE.
 II. THE AWARD OF SPOUSAL SUPPORT MADE IN THE JULY 2, 1998 JUDGMENT ENTRY IS ARBITRARY AND EXCESSIVE.
 I
Appellant contends, in his first assignment of error, the trial court should have considered the private elementary and secondary education, for the children, as well as college education for the children when dividing the parties' marital property. We disagree.
A review of a trial court's division of marital property is governed by an abuse of discretion standard. Martin v. Martin
(1985), 18 Ohio St.3d 292, 294. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. It is based upon this standard that we review appellant's first assignment of error.
We previously addressed this issue in the first appeal. In our previous decision, we stated:
 We agree with the trial court there is no statutory provision regarding a child's education. The parties may agree that a portion of marital assets be allocated for education purposes after a child has graduated from high school and attained the age of majority. However in the absence of such a voluntary agreement, no statutory authority exists to order marital property to be expended for the benefit of a child who is not a party to the proceeding. We find the trial court did not abuse its discretion in deciding to divide the marital property 50-50 between the parties. Id. at 6-7.
Based upon the above language, the trial court, on remand, was not required to alter the division of marital property. We remanded the issue of division of marital property merely for the trial court to modify the distributive award to provide for the payment of interest by appellant upon the periodic payments of the appellee's property division award. Pursuant to our previous decision, the trial court was not to consider the issue of education, for the children, on remand. The judgment entry of July 2, 1998, indicates the trial court complied with our opinion, on remand, in that it ordered interest due in the amount of $52,000, together with the $280,000 originally payable to appellee.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant maintains the trial court's award of spousal support is arbitrary and excessive. We disagree.
Pursuant to R.C. 3105.18(C)(1), trial courts are to consider certain factors in making determinations of spousal support:
 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3107.171 of the Revised Code;
 (b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
 (h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
Further, trial courts are governed by the standards and guidelines imposed by the Ohio Supreme Court in Kunkle v.Kunkle (1990), 51 Ohio St.3d 64, paragraph one of the syllabus:
 Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities.
As in appellant's first assignment of error, we will review this assignment of error under an abuse of discretion standard.Kahn v. Kahn (1987), 42 Ohio App.3d 61, paragraph three of the syllabus. In the previous appeal, we remanded the issue of spousal support stating:
 We find the trial court's award of spousal support and child support is an abuse of discretion. The trial court should have complied with the provisions of R.C. 3113.215 and completed a child support computation worksheet. Thereafter, the court could find in the best interest of the children that the basic child support is unjust or inappropriate, and adjusted both that amount, and the spousal amount in a manner which would equitably divide the marital income between the parties and make provisions for the children. Russo at 8.
Upon remand, the trial court complied with the provisions of R.C. 3113.215 and awarded spousal support in the amount of $1,000 for a period of sixty-months. Judgment Entry, July 2, 1998, at 11. The trial court noted that it found factor (k) of R.C. 3105.18(C)(1) especially compelling since appellee was currently enrolled at Walsh College in the physical therapist program. Id. at 12. The trial court stated that the award of spousal support would allow appellee to continue her education she interrupted nineteen years ago when she married appellant.Id. at 11. The trial court further noted the award of spousal support would permit appellee to maintain a modest standard of living during her schooling while still permitting appellant to properly care for the unemancipated children. Id. at 13.
Appellant contends the award of spousal support is an abuse of discretion because it permits appellee to continue to maintain a lifestyle of relative ease, without any child care responsibilities. We find the trial court did not abuse its discretion concerning the award of spousal support on remand. Specifically, the trial court considered the factors set forth in R.C. 3105.18(C)(1). The trial court emphasized the fact that appellee was currently enrolled as a student in a course of education, that upon graduation, would permit her to contribute to the support of her children which she is unable to do at the present time due to the fact that she only earned $2,800 as her highest income during the duration of the marriage. As such, this award is neither arbitrary or excessive and within the discretion of the trial court.
Appellant's second assignment of error ir overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is hereby affirmed.
By: Wise, P. J., Gwin, J., and Farmer, J., concur.
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is affirmed.
--------------------
--------------------
 -------------------- JUDGES
Hon. John W. Wise, P. J., Hon. W. Scott Gwin, J., Hon. Sheila G. Farmer, J., JUDGES.
[1] Case No. 1997CA00205