Appellant Vincent Cuenot is appealing the decision of the Stark County Court of Common Pleas, Domestic Relations Division, concerning the issue of unequal distribution of marital property. The following facts give rise to this appeal.
Appellant Vincent Cuenot and Franca Cuenot were married on July 19, 1975. One child was born as issue of the marriage, Eric, now emancipated but living with appellant. On June 22, 1995, appellee filed a complaint for divorce. Appellant answered and filed a counterclaim on July 17, 1995. A magistrate conducted a hearing in this matter on August 29, 1995. By decision filed October 30, 1996, the magistrate granted the divorce and divided the parties' property.
On November 7, 1996, appellant filed objections to the magistrate's decision. The trial court conducted a hearing, on appellant's objections, on March 18, 1997. By judgment entry filed March 25, 1997, the trial court approved and adopted the magistrate's decision. Appellant filed a notice of appeal on April 21, 1997. On March 9, 1998, this Court issued its opinion remanding those assignments of error concerning the equitable distribution of marital property, to the trial court, '* * * for written findings of fact that support the determination that the marital property has been equitably divided.'[1]
On remand, the trial court conducted a hearing on July 1, 1998. The trial court issued a judgment entry, on July 13, 1998, which includes a finding of fact that appellant "* * * engaged in financial misconduct when he wasted the parties (sic) assets by allowing duplexes he purchased with the parties' assets to deteriorate * * *." Judgment Entry, July 13, 1998, at 3. Appellant timely filed a notice of appeal from the trial court's judgment entry, on remand, and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED IN FINDING ON REMAND, BASED UPON NO NEW OR ADDITIONAL EVIDENCE, THAT APPELLANT ENGAGED IN FINANCIAL MISCONDUCT WARRANTING THE UNEQUAL DISTRIBUTION OF MARITAL PROPERTY, CONTRARY TO ITS ORIGINAL FINDING.
 I
Appellant contends, in his sole assignment of error, the trial court erred when it determined, on remand, that he engaged in financial misconduct warranting the unequal distribution of marital property, contrary to its original finding. We agree.
A review of a trial court's division of marital property is governed by an abuse of discretion standard. Martin v. Martin
(1985), 18 Ohio St.3d 292, 294. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. It is based upon this standard that we review appellant's sole assignment of error.
In the case sub judice, the trial court awarded appellee assets valued at $132,735.81. The trial court awarded appellant assets valued at $68,672.20. On remand, the trial court set forth four findings of fact in support of its unequal distribution of marital property. Specifically, the trial court found:
 (1) Defendant was involved with illicit drugs and alcohol during the term of the marriage and obtained treatment for his drug addiction during the term of the marriage.
 (2) Plaintiff and Plaintiffs family paid marital debts during the term of the marriage and Plaintiff's family gifted funds to her to use toward the down payment of a new marital residence during the marriage, to remodel the kitchen of that home, and to purchase a car for Plaintiff.
 (3) Defendant engaged in financial misconduct when he wasted the parties' assets by allowing duplexes he purchased with the parties' assets to deteriorate to the point where they were in violation of city code.
 (4) Undisputed testimony attributed dissipation of approximately eighty thousand dollars of marital assets by Defendant over a period of eight years to support his addiction to drugs. Judgment Entry, July 13, 1998, at 2-3.
Based on the above findings of fact, the trial court concluded the equitable division of marital assets would not result in an equal division of marital assets based on appellant's financial misconduct. Id. Although the trial court made four findings of fact in support of the unequal division of marital property, appellant focuses on the trial court's finding that appellant engaged in financial misconduct when he wasted the parties' assets by allowing duplexes he purchased with the parties' assets to deteriorate to the point where they were in violation of city code. Appellant contends there is nothing, in the record, to suggest that the condition of the three rental properties was the result of any misconduct by appellant.
The magistrate found, in paragraph thirteen of her findings of fact, that the duplexes were purchased as an investment but they were in need of improvements to comply with city codes. Magistrate's Decision, October 30, 1996, at 7. The magistrate did not make a finding that appellant wasted the parties' assets by allowing the duplexes to deteriorate to the point where they are now in violation of city codes.
The trial court adopted the magistrate's decision on November 8, 1996, accepting the findings of fact made by the magistrate, after reviewing the record and exhibits. In so doing, the trial court adopted the magistrate's finding that the duplexes are in violation of city codes. The magistrate's decision made no finding of fact that appellant contributed to the condition of the duplexes by appellant wasting the parties' assets.
Therefore, on remand, it was inconsistent for the trial court to find appellant was the cause of the deterioration of the duplexes when no such finding was ever made by the magistrate and the trial court adopted the magistrate's decision as to this specific finding of fact. We would also note that the trial court did not hear any new evidence, on remand, that would support such a conclusion. Based on the above, this specific finding of fact is vacated as a basis that the unequal distribution of marital property is equitable.
We also find it necessary to address the trial court's finding that appellant dissipated approximately $80,000 of marital assets, over a period of eight years, on his drug addiction. In her findings of fact, at paragraph ten, the magistrate stated: "Plaintiff alleges that large sums of money were dissipated due to drug use but there was no evidence to establish this amount." Magistrate's Decision, October 30, 1996, at 4. The trial court adopted this finding of fact in its judgment entry of March 25, 1997, by not specifically finding the transcript or exhibits indicate otherwise. Therefore, it was inconsistent for the trial court to find, on remand, that appellant dissipated $80,000 worth of marital assets on his drug addiction. We therefore vacate this finding, as a basis for the unequal distribution of marital property.
Finally, on remand, the trial court found that appellee's family gifted funds to her to use toward the down payment of a new marital residence during the marriage, to remodel the kitchen of that home, and to purchase a car for appellee. This money totaled $43,680.14. The magistrate made this finding of fact, in her decision, and the trial court adopted it. However, this finding of fact, alone, does not substantiate the unequal division of marital assets.
Based on the above, we reverse and remand this matter to the trial court for the court to make conclusions of law consistent with the testimony presented during the trial and the trial court's previous findings of fact.
Appellant's assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is hereby reversed and remanded for proceedings consistent with this opinion.
By: Wise, P. J., Farmer, J., concurs. Hoffman, J., concurs separately.
---------------------------
---------------------------
 --------------------------- JUDGES
[1] Cuenot v. Cuenot (March 9, 1998), Stark App. Nos. 1997 CA 00214, 1997 CA 00128, unreported, at 7.