OPINION
Appellant, Darrell M. Lewis, and appellee, Angela Lewis, were married on June 30, 1984 and divorced on May 8, 1998.
The sole issue in this appeal concerns whether the trial court erred when dividing the property of the parties. At trial, the parties entered into stipulations regarding the valuation and division of much of their property. The current dispute involves the trial court's determination that a portion of the down payment on the Lewises' first house was from marital proceeds.
On September 9, 1985, the Lewises made a $25,349.98 down payment on a house on Oakdale in Warren, Ohio. The funds for the down payment were withdrawn from a checking account that was in Mr. Lewis's name at First Federal Savings and Loan Association of Warren. Mr. Lewis opened the account prior to the marriage and had $33,300 on deposit in the account when they were married. On September 9, before the money was withdrawn to make the down payment, the balance of the account had increased to $56,857.84. The increase was the result of deposits made into the account during the marriage.
The trial court determined that the funds in the account on the day of the marriage were premarital, but that the amount of the increase was marital property. It reasoned that the deposits and withdrawals made on the account were made during the marriage and that there was not sufficient credible evidence to show that the deposits and withdrawals were not for marital expenses. It calculated that the premarital balance was fifty-eight percent of the balance as of September 9, 1985 and reasoned that fifty-eight percent of the down payment, $14,700, was premarital property. The court ruled that by the time the parties sold the Oakdale residence and bought a new house, their funds were so commingled that they were not traceable.
The parties agreed that Mr. Lewis could have the marital residence, so long as he compensated Mrs. Lewis for her equity in it. When dividing the equities in the marital residence, the trial court excluded the $14,700 of premarital property before dividing the remainder of the equity. It determined that the total equity in the residence was $161,485.24, but that the marital equity was $146,785.20 after subtracting $14,700. Mr. Lewis, therefore, owed Mrs. Lewis $73,392.62 for her half of the equity.
Mr. Lewis appeals this determination and raises the following assignment of error:
 "The trial court erred to the prejudice of appellant in rejecting his claim that the entire amount of the downpayment on the first marital residence of the parties was his separate property."
This court will not disturb a trial court's decision regarding division of property absent a showing of an abuse of discretion. Martin v. Martin (1985), 18 Ohio St.3d 292,480 N.E.2d 1112. An abuse of discretion includes actions by a trial court that were unreasonable, arbitrary or unconscionable, not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140. In addition, a judgment supported by some competent, credible evidence will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578.
R.C. 3105.171(A)(6)(b) provides that: "[t]he commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable." "The burden of tracing separate property is on the party claiming its existence."Modon v. Modon (1996), 115 Ohio App.3d 810, 815, 686 N.E.2d 355. Appellant's argument, in essence, is that the trial court's determination that the funds were not separate property is against the manifest weight of the evidence. See Letson v. Letson (Sep. 30, 1997), Trumbull App. No. 95-T-5356, unreported.
In his brief, appellant asserts that the trial court had three alternative methods at its disposal to divide the down payment. It could have: apportioned the down payment between marital and separate property, as it did; determined that the full down payment was separate property; or, determined that $23,557 of the down payment was marital property and the remaining $1,792 was separate property. He argues that, because the trial court knew that the remaining amount in the account would become commingled and deprive appellant of the separate property remaining in the account, the method that would best accomplish the objectives of R.C. 3105.171 would be to determine that the full down payment was separate property.
We are not persuaded by appellant's argument. The trial court's decision was supported by competent and credible evidence and was not arbitrary, unreasonable, or capricious. As conceded by appellant, the trial court had several different methods by which it could divide the property, including determining that the entire account had become commingled. Though we can find no other cases in which a trial court used a ratio formula similar to the one here, the method it ultimately chose was supported by the facts in the record and logical reasoning. Appellant did not meet his burden of proving that the funds for the down payment were from separate property. The trial court did not abuse its discretion; appellant's assignment of error is without merit.
For the foregoing reasons, the judgment of the trial court is affirmed.
 _____________________ JUDGE ROBERT A. NADER
FORD, P.J., CHRISTLEY, J., concur.