DECISION
Plaintiff-appellant/cross-appellee Teresa Gergacz appeals from the judgment of the trial court granting a divorce to her and defendant-appellee/cross-appellant David Gergacz. David Gergacz filed a cross-appeal from the judgment.
In her two assignments of error, Mrs. Gergacz claims that the trial court erred in finding that a settlement agreement entered into by Mr. Gergacz with a former employer, Cincinnati Bell Telephone, was separate property and therefore not subject to division as marital property.
Teresa and David Gergacz moved to Cincinnati, Ohio, in 1995, when Mr. Gergacz became employed with Cincinnati Bell. In October 1996, an employment dispute arose between Mr. Gergacz and Cincinnati Bell, with each party accusing the other of breaching the employment contract. The parties eventually entered into a settlement of their claims.
Although the settlement agreement stated that both parties released all claims against the other, Mr. Gergacz and his attorney testified that the sole consideration for the settlement, which amounted to $1.5 million, was a non-compete provision to which Mr. Gergacz had agreed. The magistrate, before whom the parties initially presented evidence, held that the settlement was marital property, but the trial court sustained Mr. Gergacz's objections to the magistrate's findings and held that the settlement was separate property.
The characterization of property as separate or marital is a mixed question of law and fact, and the decision of the trial court will not be overturned if the decision is supported by sufficient, credible evidence.[1] In this case, sufficient, credible evidence supports the trial court's characterization of the settlement as separate property. Both Mr. Gergacz and his attorney testified that the settlement's sole consideration was the non-compete agreement. Mrs. Gergacz presented no evidence to contradict this testimony. Although the settlement agreement itself stated that each party was releasing the other from all claims, the trial court had evidence before it that the payment of the $1.5 million was for Mr. Gergacz's agreement not to compete with Cincinnati Bell in the future. We, therefore, overrule Mrs. Gergacz's assignments of error.
In his first assignment of error, David Gergacz claims that the trial court erred in awarding Mrs. Gergacz spousal support of $7,500 per month for 72 months. Awards of spousal support are governed by R.C. 3105.18, which states in part:
 (C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 [3105.17.1] of the Revised Code;
(b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
(h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
We review the trial court's award of spousal support using an abuse-of-discretion standard.[2] "Abuse of discretion" is more than an error of law or judgment; it implies that the court acted in an unreasonable, arbitrary, or unconscionable fashion.[3] If there is some competent, credible evidence to support the trial court's decision, there is no abuse of discretion.[4]
The magistrate's findings of fact and conclusions of law, adopted with only minor exceptions by the trial court, provide competent, credible evidence to support the trial court's award. The record shows that the magistrate considered all of the factors enumerated in R.C. 3105.18, particularly the parties' income from all sources; their relative earning abilities; their ages and physical, mental, and emotional conditions; the duration of the marriage; the standard of living that the parties had established during the marriage; the extent of each party's education; and the parties' relative assets and liabilities.
The order of support was structured so that support would cease when Mr. Gergacz retired from full-time employment, which the parties, while married, had contemplated to be at the end of his five-year contract with Cincinnati Bell. After Mr. Gergacz's retirement, the parties had planned to live on the income provided by their investments, and this plan was reflected in the court's spousal support award. The trial court also considered the time and expense necessary for Mrs. Gergacz to acquire education, training, or job experience so that she would be qualified to obtain appropriate employment, but noted specifically that Mrs. Gergacz had not, in fact, sought education, training or employment. We find no abuse of discretion in the trial court's award of spousal support.
Mr. Gergacz also argues that the trial court erred in ordering him to contribute to Mrs. Gergacz's attorney fees. R.C. 3105.18(H) states that the court may award reasonable attorney fees to a party, "if it determines that the other party has the ability to pay the attorney's fees that the court awards." When awarding fees, the court determines whether "either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees."
In this case, the court specifically found that Mrs. Gergacz did not have the means to pay her attorney fees out of the temporary support that had been awarded after the application for divorce was filed. The trial court could reasonably have concluded that, without the means to pay her legal fees, Mrs. Gergacz's ability to protect her rights could be impaired. There was no question that Mr. Gergacz had the ability to pay the award. We find no error in the trial court's award of attorney fees.
Mr. Gergacz further claims that the trial court erred in awarding Mrs. Gergacz $10,000 in moving expenses, when she presented evidence of only $7,500 in expenses. This assignment of error is not supported by the record. Although Mrs. Gergacz testified that she had spent $7,500 to move her property from the parties' former residence into storage, she also testified that she regularly paid a storage fee and insurance on the property. Because the trial court's award of $10,000 in moving expenses is supported by competent, credible evidence, we reject Mr. Gergacz's challenge to the award.
In his second assignment of error, Mr. Gergacz argues that the trial court erred by adopting the magistrate's order regarding the division of the household property. A reviewing court is limited to a determination of whether, under the totality of the circumstances, the trial court abused its discretion in dividing the property.[5] We find no abuse of discretion.
Although Mr. Gergacz argues that the trial court was required to conduct a de novo review of the evidence presented to the magistrate, Civ.R. 53 specifically permits the trial court to "adopt, reject, or modify the magistrate's decision." The court was, therefore, authorized to accept as its own the findings of the magistrate.
Next, Mr. Gergacz argues that Mrs. Gergacz failed to abide by the terms of the property division and that the division was inequitable. The magistrate and the trial court, however, specifically considered Mrs. Gergacz's failure to abide by the agreement and made specific orders requiring the return of certain property to Mr. Gergacz. Mr. Gergacz failed to produce evidence that the agreement itself was inequitable. Because competent, credible evidence supported the trial court's division of the household property, we overrule Mr. Gergacz's second assignment of error.
Therefore, we overrule Mrs. Gergacz's and Mr. Gergacz's assignments of error and affirm the judgment of the trial court.
Judgment affirmed.
 HILDEBRANDT, P.J., GORMAN and SHANNON, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See Kelly v. Kelly (1996), 111 Ohio App.3d 641,676 N.E.2d 1210; McCoy v. McCoy (1995), 105 Ohio App.3d 651,664 N.E.2d 1012; see, also, Dooley v. Dooley (1998), Hamilton App. No. C-970616, unreported (citing Kelly v. Kelly, supra).
[2] See Middendorf v. Middendorf (1998), 82 Ohio St.3d 397,696 N.E.2d 575; Kaechele v. Kaechele (1988), 35 Ohio St.3d 93,518 N.E.2d 1197 [93 N.E.2d 1197]; Martin v. Martin (1985),18 Ohio St.3d 292, 294-295, 480 N.E.2d 1112, 1114-1115.
[3] See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140, 1142.
[4] See Middendorf, supra; Ross v. Ross (1980), 64 Ohio St.2d 203,414 N.E.2d 426.
[5] See Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131,541 N.E.2d 597, 599.