OPINION
Defendant Kenneth A. Asher appeals a judgment of the Court of Common Pleas, Domestic Relations Division of Holmes County, Ohio, which granted the plaintiff Georgianna Asher a divorce from appellant, awarded her spousal support and divided the marital and separate properties between the parties. Appellant assigns two errors to the trial court:
 ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY ABUSING ITS DISCRETION IN AWARDING SPOUSAL SUPPORT OF $9,000 A YEAR TO PLAINTIFF WIFE WHERE DEFENDANT HUSBAND EARNS APPROXIMATELY $6,000 A YEAR WITH PROBABLE EARNINGS OF $12,000 A YEAR.
ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY ABUSING ITS DISCRETION IN AWARDING THE MARITAL PROPERTY TO PLAINTIFF WIFE AND NOT MAKING A MARITAL PROPERTY DIVISION IN AN EQUITABLE MATTER IN ACCORDANCE WITH R.C. 3105.17.1.
The Supreme Court has crafted the abuse of discretion standard to be used in reviewing trial court's determinations in domestic relations cases, Booth v. Booth (1989), 44 Ohio St.3d 142. The Supreme Court specifically applied the abuse of discretion standard to orders relating to spousal support in Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. In Martin v. Martin (1985), 18 Ohio St.3d 282 [18 Ohio St.3d 292], the Supreme Court applied the abuse of discretion standard to divisions of marital property. The Supreme Court has defined the term abuse of discretion as implying the court's attitude is "unreasonable, arbitrary or unconscionable." Blakemore, supra at 219. The magistrate made findings of fact and conclusions of law in his decision filed September 13, 1999. The magistrate found the parties were married on June 21, 1974, and had no children together. The magistrate found throughout most of the marriage, appellee was the primary wage earner of the family. Appellant had attempted a number of business endeavors, and at the time of the divorce was working as an independent contractor as a detail painter. In 1997 appellee earned about $12,000 while appellant earned approximately $6,000. The magistrate found appellant could "probably earn $12,000 per year through greater industriousness." Appellee is gravely ill with cancer. Appellee's current sole source of income is Social Security, and she must maintain a private health insurance policy because Medicare does not pay for the prescription medications she needs. The magistrate found appellee's income is $519 in Social Security benefits, and her minimum monthly expenses are $1,261. In July of 1999, the parties had an auction at which they sold most of the marital property. Appellant bought back $2,278.50 of the property during the auction, so that the net proceeds from the auction were $12,424.73. The magistrate also found the parties inherited personal property from appellant's mother. Appellant inherited the family farm worth more than $100,000, and a farm tractor worth $3,700. Appellant's mother left appellee an antique cupboard worth approximately $3,000. The magistrate awarded appellee the entire $12,424.73 from the auction, and spousal support of $750 per month plus poundage. The magistrate ordered each party should retain as separate personal property their inheritances from appellant's mother.
 I
In his first assignment of error, appellant urges the court abused its discretion in the amount of spousal support awarded to appellee. R.C. 3505.18 states in pertinent part:
(a) the income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.17.1 of the Revised Code;
(b) The relative earning abilities of the parties;
 (c) the ages and the physical, mental, and emotional conditions of the parties;
(d) the retirement benefits of the parties;
(e) the duration of the marriage.
 (f) the extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
(h) the relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (k) the time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences for each party, of an award of spousal support;
 (m) the lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) any other factor that the court expressly finds to be relevant and equitable.
The trial court awarded appellee spousal support of approximately $9,000 per year, while finding appellant earns approximately $6,000 per year but could earn approximately $12,000 per year. Appellant urges the spousal support award is so high as to constitute an abuse of discretion. We agree. On the record before us, the trial court has awarded appellee 75 percent of appellant's probable earning potential, and more than his total current income. The magistrate's findings of fact and conclusions of law discuss the statutory factors of section 3105.18, with the exception of (1)(a) income of the parties from all sources including income from property divided. The trial court properly awarded appellant as separate property the farm he inherited from his mother, but made no finding regarding the effect the farm would have on appellant's income. Appellant urges the farm is not an income producer, and in fact, may generate more expenses for him. In Bryant v. Bryant (January 28, 1999), Coshocton Appellate Nos. 97CA8 and 97CA1, unreported, this court held after the trial court divides the property, it should evaluate the potential income that the property will generate. Although appellant argues the property has, if any, a negative effect on his income, no evidence was presented and the trial court made no finding regarding the expenses and potential income, if any. We find the trial court's award of spousal support is an abuse of discretion, and also is contrary to law. The first assignment of error is sustained.
 II
In his second assignment of error, appellant urges the trial court abused its discretion in awarding the entire proceeds of the auction to appellee, which constituted almost all the marital property which had any value. R.C. 3105.17.1 directs a division of marital property shall be equal unless the court finds an equal division of marital property would be inequitable. The statute lists the factors the trial court should consider in making the division of marital property:
(1) The duration of the marriage;
(2) The assets and liabilities of the spouses;
 (3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
(4) The liquidity of the property to be distributed;
 (5) The economic desirability of retaining intact an asset or an interest in an asset;
 (6) the tax consequences of the property division upon the respective awards to be made to each spouse;
 (7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
 (8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
 (9) Any other factor that the court expressly finds to be relevant and equitable.
We have reviewed the record, and we find the trial court did not abuse its discretion in making the award of marital property, in light of all the circumstances. Unfortunately, there simply are not sufficient marital resources to provide for both parties. Given the parties health, and the distribution of separate property, we find that the trial court's order is equitable. The second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Holmes County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to that court for recomputation of an equitable amount of spousal support.
WISE, J. and EDWARDS, J. CONCUR.