MARTIN, APPELLEE, *v.* MARTIN, APPELLANT.

[Cite as Martin *v.* Martin (1985), 18 Ohio St. 3d 292.]

(No. 84-1095—Decided July 24, 1985.)

*Harry W. Schmuck,* for appellee.

*Amer, Cunningham, Brennan Co., L.P.A., Andrew R. Duff* and *Richard D. Dodez,* for appellant.

*Per Curiam.* The appellee-wife argues that where a property division is not equitable, an appellate court is duty-bound under App. R. 12 to modify the inequitable division. The appellant-husband contends that the appellate court's modification was based solely upon the existence of a disproportionate division of property, and that such court is without jurisdiction to modify such a division, absent a showing that the trial court abused its discretion in dividing the property as it did.

Hence, the issue presented for our review is whether the trial court abused its discretion in its division of the marital property and award of sustenance alimony.

In *Cherry* v. *Cherry* (1981), 66 Ohio St. 2d 348 [20 O.O.3d 318], we stated at page 355:

"* * * A trial court must have discretion to do what is equitable upon the facts and circumstances of each case.

"Of course, a trial court's discretion, though broad, is not unlimited. A reviewing court may modify or reverse a property division, if it finds that the trial court abused its discretion in dividing the property as it did. Section 3(B), Article IV of the Ohio Constitution; App. R. 12." Accord *Koegel* v. *Koegel* (1982), 69 Ohio St. 2d 355 [23 O.O.3d 320].

It has also been stated by this court that a trial court in any domestic relations action has broad discretion in fashioning an equitable division of marital property, *Berish* v. *Berish* (1982), 69 Ohio St. 2d 318 [23 O.O.3d 296], and, when appropriate, in awarding alimony based on need. *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399 [75 O.O.2d 474].

In *Cherry, supra,* we held in the syllabus that:

"1. There is no presumption, rebuttable or irrebuttable, that marital property be divided equally upon divorce; rather, a potentially equal division should be the starting point of the trial court's analysis before it considers the factors listed in R.C. 3105.18 and all other relevant factors. * * *

"2. A Court of Common Pleas has broad discretion to determine what property division is equitable in a divorce proceeding. The mere fact that a property division is unequal, does not, standing alone, amount to an abuse of discretion."

In reviewing the equity of a division of property, one of the basic guidelines an appellate court is bound to follow is that the trial court's judgment cannot be disturbed on appeal absent a showing that the com-

mon pleas court abused its discretion in formulating its division of the marital assets and liabilities of the parties. *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 218; *Koegel, supra,* at 357; *Berish, supra,* at 319; *Cherry, supra,* at 355. See *Dennison* v. *Dennison* (1956), 165 Ohio St. 146, 150 [59 O.O. 210], and *Zimmie* v. *Zimmie* (1984), 11 Ohio St. 3d 94, 97.

" 'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. [Citations omitted.]' " *Blakemore, supra,* at 219 (quoting *State* v. *Adams* [1980], 62 Ohio St. 2d 151, 157 [16 O.O.3d 169]).

In applying precedent, in particular the *Cherry* and *Blakemore* decisions, to the cause herein, we find that the court of appeals has essentially substituted its judgment for that of the trial court. While it is apparent that the property division herein is unequal, we do not find that such property division amounted to an abuse of discretion on the part of the trial court, especially in light of the significant alimony award that the court ordered the husband to pay to the wife.

R.C. 3105.18(B) provides in pertinent part:

"In determining whether alimony is necessary, and in determining the nature, amount, and manner of payment of alimony, the court shall consider all relevant factors, including:

"* * *

"(9) The relative assets and liabilities of the parties."

In view of the fact that the husband received the greater amount of the marital assets, it seems clear that the trial court awarded alimony to the wife in order to conclude a fair and equitable resolution of this divorce action. In arriving at the decision it did, we cannot find that the trial court's determination was either unreasonable, arbitrary, or unconscionable. Given the fact that the trial court awarded the wife a substantial award of alimony, any inequities inherent in the property distribution were properly rectified by the court's order of periodic sustenance alimony payments.

While a reviewing court in any domestic-relations appeal must be vigilant in ensuring that a lower court's determination is fair, equitable, and in accordance with law, an appellate court must refrain from the temptation of substituting its judgment for that of the trier-of-fact, unless the lower court's decision amounts to an abuse of discretion. Taking into account the totality of circumstances involved in this cause, we find that the court of appeals exceeded its scope of review in modifying the lower court's determination.

Accordingly, we reverse the judgment of the court of appeals, and reinstate the judgment of the trial court.

*Judgment reversed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and WRIGHT, JJ., concur.

DOUGLAS, J., dissents.

DOUGLAS, J., dissenting. This court, in *Berish* v. *Berish* (1982), 69 Ohio St. 2d 318, 319-320 [23 O.O.3d 296], emphasized that "[t]he public policy giving rise to equitable distribution [of property] is at least in part an acknowledgment that marriage is a shared enterprise or joint undertaking. While marriage is literally a partnership, it is a partnership in which the contributions and equities of the partners do differ from individual case to individual case. Assets acquired by the joint efforts of the parties should be, on termination, eligible for distribution. * * * It is the equitableness of the result reached that must stand the test of fairness on review." Correspondingly, the court emphasized in *Cherry* v. *Cherry* (1981), 66 Ohio St. 2d 348, 355 [20 O.O.3d 318], that "* * * [m]arriage is a union of equals [and] [n]either party should make a profit at the expense of the other."

It is my strong belief that the record in this case clearly demonstrated that, as a consequence of the trial court's division of property, the husband herein made a profit at the expense of his wife. Accordingly, I must dissent.

The record herein indicates that the parties were married soon after completing high school and that neither party entered the marriage with any assets. The property acquired by the joint efforts of the parties totalled $449,802. The value of the property awarded to the wife carried a stipulated net book value of $159,700, whereas the stipulated net book value of the husband's property amounted to $290,102. Thus, the husband was awarded $130,402 more than the wife.

Stated yet another way, the husband received sixty-four percent of the net book value of the assets jointly acquired whereas the wife received thirty-six percent of the net book value. Such a division, in the absence of specific reasoning and justification in support thereof, simply does not, in my opinion, "stand the test of fairness on review." *Berish, supra,* at 320. In so concluding, I would stress that the amounts of the assets were stipulated to by the parties and that the values assessed were the *net* book values.

Admittedly, the majority acknowledges that the husband received the greater amount of the marital assets. It reasons, however, that the trial court clearly "* * * awarded alimony to the wife in order to conclude a fair and equitable resolution of this divorce action."

The fairness and equitableness of the majority's logic is certainly questionable in view of the fact that the $1,800 per month sustenance alimony was made contingent; such alimony was to continue until the wife either dies, remarries, lives in a state of concubinage; or, ten years and one month from October 1, 1983. I would further stress that this court, in the recent case of *Zimmie* v. *Zimmie* (1984), 11 Ohio St. 3d 94, held that the attachment of conditions as limitations on the division of marital property was not acceptable.

Based on the record before this court, it is my opinion that the trial court abused its discretion in dividing the property assets between the parties herein. I thus respectfully dissent and would affirm the equitable division of marital property as made by the court of appeals.