**Hatcher v. Hatcher**
*[Cite as 2 AOA 140]*

*Case No. 3-88-15*
*Crawford County, (3rd)*
*Decided March 2, 1990*

*R.C. 3105.18*

*Mr. Robert B. Spurlock, Mr. James W. Pry II, Attorneys At Law, 120 North Lane Street, P.O. Drawer 309, Bucyrus, Ohio 44820, For Appellant.*

*Mr. Edward R. Wead, Attorney At Law, 107 East Mansfield Street, Bucyrus, Ohio 44820, For Appellee.*

KERNS, J.

This is an appeal from a divorce decree entered in the Court of Common Pleas of Crawford County, and, in the absence of any brief from the appellee, this court has relied to some extent upon the appellant's statement of the facts and issues, as permitted by App. R. 18 (C).

Richard and Nora Hatcher were married for the second time on July 18, 1964 and divorced on May 27, 1988. They are the parents of three children, Mark and Cole, who are adults, and Troy, who was sixteen at the time of hearing.

The cause was heard by a referee, and a divorce and custody of the minor child were granted to the defendant, Nora Hatcher, upon her counterclaim, but she urges in this appeal that the assets of the parties, which were stipulated to be worth $358,263.46, were not properly or fairly divided by the Common Pleas Court. Specifically, the defendant has set forth three assignments of error, the first of which has been stated as follows:

"1. The trial court committed substantial error and abused its discretion in failing to find that certain real property acquired by both parties during their marriage was marital property subject to division between the parties, which was prejudicial to the rights of defendant-appellant."

This assignment of error alludes to two parcels of real estate, 76.162 acres of farm land which was valued at $81,531.50 and carried a mortgage of $15,920.00, and 5.62 acres of land which was valued at $3,500.00. In its judgment entry, the trial court described such land as an "inheritance" and concluded that it was non-marital property, but the record discloses that the land was transferred from the plaintiff's mother to both Nora and Richard Hatcher during the course of their lengthy marriage. In fact, the deeds unambiguously vest title to the property in both Mr. and Mrs. Hatcher, and the appellee has failed to submit any evidence or argument to refute or obliterate such record ownership.

According to the evidence, the appellant still shares liability on the note and mortgage on the larger tract of land, and the evidence poses some question as to whether this tract was acquired as a gift or by purchase, but the mode of acquisition does not have any critical bearing upon the present ownership of the land. The plaintiff's mother had right, of course, to do as she pleased with her property at any given time, and without unwarranted speculation, a subsequent divorce cannot change an old gift into a new inheritance.

In a comparatively recent case, and under circumstances similar to those of the present case, the Sixth District Court of Appeals held that it was an abuse of discretion to classify property transferred without qualification to both a son

and daughter-in-law during marriage as a non-marital asset. *Hoeflinger* v. *Hoeflinger*, Lucas County App. No. L-87-416, March 10, 1989. Likewise, we are of the opinion that the finding of the trial court that the two parcels were inherited by the appellee in the present case is against the weight of the evidence. Accordingly, the first assignment of error must be sustained.

The second and third assignments of error, which have been submitted and argued by the appellant together, are based upon the following allegations:

"2. The trial court committed substantial error and abused its discretion in finding that certain vested pension rights which have a present value were not marital property subject to division between the parties and awarding the same to the plaintiff-appellee, which was prejudicial to the rights of the defendant-appellant.

"3. The trial court committed substantial error and abused its discretion in awarding approximately 82% of the marital property of the parties to the aggressor party, the plaintiff-appellee, which was prejudicial to the rights of the defendant-appellant.

In support of these alleged errors, the appellant relies substantially upon expert testimony which shows that the present value of three monthly disability benefits due the appellee is $150,855.44. However, in a more realistic sense, the evidence also shows that Mr. Hatcher is suffering from multiple sclerosis and degenerative arthritis, that he is and will be without any earning capacity, and that the total amount receivable monthly from the disability pensions is $1,311.00. Moreover, the record discloses that the appellee was ordered to pay the appellant $325.00 a month in alimony for a period of five years, thus reducing his available monthly income to $985.00. Furthermore, the income from the pensions, being solely the product of misfortune and disability, was not an asset of the marriage.

In the overall division of the property in this case, the allowance of the disability income to the appellee was well within the wide range of discretion granted to trial courts in such matter. See, *Cherry* v. *Cherry* (1981), 66 Ohio St. 2d 348; *Berish* v. *Berish* (1982), 69 Ohio St. 2d 318; *Martin* v. *Martin* (1985), 18 Ohio St. 3d 292.

Upon remand, a new division of the property of the parties will be necessary, but at this point, the second and third assignments of error are without merit. However, based upon the evidence presented as to the status of the real property considered under the first assignment of error, the judgment must be reversed and the cause remanded to the Court of Common Pleas of Crawford County for further proceedings according to law.

*Judgment reversed.*

SHAW, P.J., and BRYANT, J., Concur.

JOSEPH D. KERNS, retired, of the Second Appellate District, was assigned to active duty pursuant to Section 6 (C), Article IV, Constitution.