OPINION
This appeal is taken by plaintiff-appellant Dee Linn from a judgment of the Court of Common Pleas of Seneca County granting a divorce and distributing the marital assets.
On December 29, 1986, appellant and defendant-appellee Charles Linn were married. The marriage lasted until May 6, 1994, when appellant filed for divorce. The matter came for a final hearing on March 1, May 11, and June 1, 1995. On September 14, 1995, the magistrate filed his decision granting the divorce and distributing the assets. Appellee filed objections to the report on September 28, 1995. The trial court filed its judgment on October 30, 1997.
Appellant claims the following assignments of error:
 The trial court abused its discretion when it failed to uphold the magistrate's finding that appellant's inheritance of $13,720.00 was traceable pursuant to R.C. 3105.171(A)(6).
 The trial court abused its discretion when it overruled the magistrate's division of marital debts which were established through testimony, exhibits and not refuted by appellee.
 The trial court abused its discretion when it disregarded the appraised value of $22,500.00 placed upon the 1968 E Type Jaguar convertible and substituted it with a fictitious value of $12,000.00.
 The trial court abused its discretion when it disregarded the appraised value of $1,900.00 placed upon the 1986 Suzuki motorcycle, and substituted it with a fictitious value of $900.00.
 The trial court abused its discretion when it established the filing date of the decree of divorce of October 30, 1997, as the end date of the marriage for purposes of dividing marital property, for appellant has been solely responsible for the marital debt since the date of the final hearing which commenced on March 1, 1995.
 The trial court abused its discretion when it included the value of two motor vehicles as assets of appellant when evidence established that these vehicles had been traded in on and used as a down payment upon appellant's only source of transportation, a 1991 Ford Taurus.
 Whether the trial court erred as a matter of law by including in appellant's assets the sum of $3,100.00 for a 1986 Chevrolet pickup which the appellee was to retain based upon an agreement placed upon the record between the parties.
"In reviewing the equity of a division of property, one of the basic guidelines an appellate court is bound to follow is that the trial court's judgment cannot be disturbed on appeal absent a showing that the common pleas court abused its discretion in formulating its division of the marital assets and liabilities of the parties." Martin v. Martin (1985), 18 Ohio St.3d 292, 294-95,480 N.E.2d 1112, 1114. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140, 1142.
Appellant's first assignment of error asserts that the trial court erred in finding that the inheritance funds were commingled. Money received from an inheritance is generally considered to be separate funds. R.C. 3105.171(A)(6). "The commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable." R.C.3105.171(A)(6)(b).
Here, the parties admit that $15,000 of the inheritance was placed in the joint savings account. Appellant claims that the money was placed in the account for the sole purpose of making the down payment on the house. However, the trial court found that the account had a balance of over $33,000 when the down payment was made. Since ample funds were in the account to make the down payment, the trial court concluded that the funds from the inheritance were not traceable. The record provides evidence to support this finding. Thus the first assignment of error is overruled.
The third assignment of error maintains that the trial court erred in finding the 1968 E Type Jaguar Convertible to be worth $12,000. Evidence was presented that the car was worth anywhere from $10,500 to $30,000. However, no evidence gave the car a value of $12,000. This number was one arbitrarily set by the trial court. Thus, the third assignment of error is sustained insofar as the judgment established the value of the Jaguar at $12,000.
Appellant claims, in the fourth assignment of error, that the trial court also erred in establishing the value of the 1986 Suzuki Motorcycle at $900. Testimony was presented that the fair market value of the motorcycle was $1,900. Later, additional testimony was given that the motorcycle needed approximately $1,000 in repairs. The trial court then adjusted the appraisal to reach the figure of $900. However, there is no evidence that estimated repair bill of $1,000 was not considered in determining the fair market value. The appraisal was made on the motorcycle in an "as is" condition. Additionally, no other fair market value was given. Thus, the trial court's deduction of the repair costs from the fair market value was arbitrary. The fourth assignment of error is sustained.
In the fifth assignment of error, appellant asserts that the trial court incorrectly established the end date of October 31, 1997, as the end date of the marriage for the purpose of dividing the marital assets when the final hearing date was March 1, 1995.
"During the marriage" means whichever of the following isapplicable:
 (a) Except as provided in division (A)(2)(b) of this section, the period of time from the date of the marriage through the date of the final hearing in an action for divorce or in an action for legal separation;
 (b) If the court determines that the use of either or both of the dates specified in division (A)(2)(a) of this section would be inequitable, the court may select dates that it considers equitable in determining marital property. If the court selects dates that it considers equitable in determining marital property, "during the marriage" means the period of time between those dates selected and specified by the court.
R.C. 3105.171(A)(2). In this case, the trial court did not select a date on the record, so the final date of the marriage is the date of the final hearing as determined by statute. Thus, the final date to be used for the distribution of marital property is March 1, 1995.
The trial court in this case, however, did not consistently use the final date of March 1, 1995. In its judgment entry, the trial court determined the value of the real estate to be $87,500 as determined by the appraisals completed in 1995. The trial court ordered appellant pay half of the value once the current mortgage balance was deducted. The value of the house should have been determined after the value of the mortgage on March 1, 1995, was deducted from the real estate's value. Therefore, appellant's fifth assignment of error is sustained.
In the second assignment of error, appellant asserts that the trial court erred in finding that all of the expenses of maintaining the house were covered by the rent. The trial court, in reaching this conclusion considered all of the rent and expenses through March 1997. However, as stated above, the final date of the marriage was March 1, 1995. Therefore, the trial court erred when it based its findings on evidence after the date of the final hearing. The second assignment of error is sustained.
The sixth assignment of error claims that the trial court erred by assessing the value of the Audi and the Colt to appellant when the vehicles were traded in for purchase of the Taurus. The trial court found the value of the Taurus to be $6,250 subject to a debt of $4,730 for a net value of $1,520. However, the trial court failed to consider that the $2,000 value received in trade for the Audi and the Colt is part of the equity in the Taurus. There is no separate value as no separate sale occurred. Thus, neither party has an interest in the Audi or the Colt anymore and the sixth assignment of error is sustained.
The seventh assignment of error is that the trial court included appellee's truck in appellant's list of assets when appellee actually had possession of it. Both parties agree that the trial court made an error in accounting for this asset. Therefore, the seventh assignment of error is sustained.
The judgment of the Court of Common Pleas of Seneca County as to the first assignment of error is affirmed. As to the second, third, fourth, fifth, sixth, and seventh assignments of error, the judgment is reversed and remanded for further proceedings in compliance with this opinion.
Judgment reversed and remanded.
SHAW, P.J., and EVANS, J., concur.