Defendant James R. Daugherty appeals a judgment of the Court of Common Pleas, Domestic Relations Division of Stark County, Ohio, which sustained his motion to clarify. a portion of the divorce decree entered on June 26, 1996. Plaintiff Irene Daugherty cross-appeals from the same judgment.
Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ABUSED ITS DISCRETION BY INCORRECTLY CALCULATING THE MARITAL PORTION OF APPELLANT'S INTEREST IN THE GENERAL ELECTRIC SAVINGS AND SECURITY PROGRAM.
Appellee cross-appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
 ASSIGNMENT OF ERROR NO. I
 THE TRIAL COURT'S FAILURE TO FIND THAT TRANSMUTATION HAD OCCURRED WITH RESPECT TO THE GENERAL ELECTRIC SAVINGS AND SECURITY PROGRAM WAS UNREASONABLE, ARBITRARY AND/OR UNCONSCIONABLE AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 ASSIGNMENT OF ERROR NO. II
 THE CROSS-APPELLANT IS ENTITLED AS A MATTER OF LAW TO A FINDING THAT SHE IS ENTITLED TO ANY APPRECIATION IN THE VALUE OF HER MARITAL PORTION OF THE GENERAL ELECTRIC SAVINGS AND SECURITY PROGRAM TO AVOID UNJUST ENRICHMENT ON THE PART OF THE CROSS-APPELLEE.
All the assignments of error relate to the same issue, namely, how the court should
 I and Cross-Assignment of Error I
Wife argues the court should have found husband's actions during the marriage had transmuted the GESSP account to marital property. Husband replies although the court was correct in finding the portion of the GESSP account attributable to pre-marital funds should remain husband's sole property, nevertheless, the court erred in computing exactly how much the marital property constituted.
The record shows on July 31, 1990, three months after the parties' marriage, the GESSP account totaled 714.112 shares of common stock. In May of 1994, there was a stock split. On April 1, 1996, just prior to the parties' divorce, the account held 1,524.4783 shares of common stock.
The GESSP program is not like a traditional pension plan, because it permits a participant to withdraw funds at his or her discretion, and in fact, husband did withdraw money from the account from time to time. During the marriage, husband withdrew $15,304.00, which he applied as a down payment on the marital residence. The trial court found this amount was the separate property of the husband, and deducted it from the equity in the marital residence before it divided the equity between the parties.
Appellant argues taking into account the stock split, his pre-marital share of the stock was 1,428.224 shares, which is the number of shares he owned at the time of the marriage multiplied by two. Subtracting that amount from the total number of shares the account contained at the time of the divorce, appellant computes the shares accumulated during the marriage to be 96.2543 shares. Husband urges wife's half is 48.127. Nevertheless, the trial court computed the husband's premarital share at 1,100 shares, and
 Conclusion
1. The Plaintiff, Irene Daugherty, is to receive two hundred twenty-five (225) shares of the stock effective July 26, 1996, as her marital portion of GE Savings and Security Plan.
We find the trial court was exactly correct in findings of fact one through three. However, the trial court does not explain how it reached the division in shares at finding of fact number four, and the record does not support the decision reached by the court.
The record shows husband owned 714 (pre-split) shares. From that, he withdrew $15,000 of his separate property, as partial down payment on the marital home. That amount must be deducted from husband's pre-marital property. Then, the record shows husband withdrew an additional $45,750 from the GESSP during the marriage. That amount must be deducted from themarital share before division between husband and wife. In order to make the calculations, the parties must also inform the court what the value of a single share of GE common stock was on the date of the decree. This court could not find that information in the record, and it is obviously vital in making a correct split of the marital property. Finally, the court must determine the appreciation on the value of the stock since the decree, and apportion it between the parties.
In Booth v. Booth (1989), 44 Ohio St.3d 142, the Supreme Court noted it had always applied the abuse of discretion standard when reviewing the propriety of the trial court's determination in a domestic relations case, Booth at 144. The Supreme Court specifically made the abuse of discretion standard applicable to property divisions in Martin v. Martin
(1985), 18 Ohio St.3d 292. The Supreme Court has always defined the term
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By Gwin, J., Wise, P.J., and Farmer, J., concur
____________________
____________________
 ____________________ JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs split between the parties.
____________________
____________________
 ____________________ JUDGES
Hon. John W. Wise, P.J., Hon. W. Scoft Gwin, J., Hon. Sheila G. Farmer, J., JUDGES.