[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
Defendant-appellant, Thomas J. Dunn, appeals from the judgment of the domestic relations court, assigning as error the trial court's decision to (1) award the marital residence to plaintiff-appellee, Judy L. Dunn; (2) offset the value of the marital residence against the value of defendant-appellant's pension; and (3) award spousal support.
We review these assignments of error under an abuse-of-discretion standard.[1] Abuse of discretion is more than an error of law or judgment; it implies that the court acted in an unreasonable, arbitrary, or unconscionable fashion.[2] If there is some competent, credible evidence in the record to support the trial court's decisions, there is no abuse of discretion.[3]
Although the parties stipulated to the value of the marital residence and the defendant-appellant's pension plan, they did not reach an agreement on the distribution of these assets. The division of all other marital property was agreed to and is not disputed. From the record, it is clear that the trial court appropriately considered all of the factors under R.C.3105.17.1(F) when it divided the marital property at issue, despite defendant-appellant's contention that too little consideration was given to the tax consequences associated with the property division. Because we hold that there is competent, credible evidence to support the trial court's division of property, we overrule the first and second assignments of error.
In his third assignment of error, defendant-appellant contends that the trial court failed to consider all the factors set forth in R.C. 3105.18 when it awarded spousal support to plaintiff-appellee. This contention is groundless. The record demonstrates that the trial court did in fact consider all of the statutory factors when it made the support award. The third assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
 ______________________________ HILDEBRANDT, PRESIDING JUDGE
 PAINTER and WINKLER, JJ.
[1] See Middendorf v. Middendorf (1998), 82 Ohio St.3d 397,696 N.E.2d 575; Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 518 N.E.2d 1197 [93 N.E.2d 1197]; Martin v. Martin (1985),18 Ohio St.3d 292, 480 N.E.2d 1112; Holcomb v. Holcomb
(1989), 44 Ohio St.3d 128, 541 N.E.2d 597.
[2] See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140.
[3] See Middendorf, supra; Ross v. Ross (1980), 64 Ohio St.2d 203,414 N.E.2d 426.