OPINION
Defendant-appellant, James Mason, appeals from the judgment entry of divorce of the Union County Court of Common Pleas, Domestic Division. The parties to this appeal were married on November 26, 1991, and no children were born as issue of the marriage although both parties have children with other people. On July 25, 1997, Mrs. Mason filed for divorce. Mr. Mason filed an answer and counterclaim, and the trial was conducted on November 14, November 21, and December 11, 1997. The trial court filed its judgment entry and decree of divorce on April 11, 1998. Upon appeal, this Court held that the trial court did not "set forth sufficient factual findings and conclusions of law to satisfy the requirements of Civ.R. 52 and the statutory requirements[,]" and the case was remanded.Mason v. Mason (March 31, 1999), Union App. No. 14-98-23, unreported, 1999 WL 253543. Subsequently, the trial court filed its findings of fact and conclusions of law on April 23, 2001. This appeal followed, and Mr. Mason now asserts four assignments of error with the trial court's judgment.
 It was error and an abuse of discretion for the trial court to determine that the real estate was a marital asset and award Appellee appreciation in the value of the corporate, separate real estate. (Judgment Entry dated April 11, 1998).
 The trial court erred and abused its discretion by awarding Appellee one-half of the value of the Ohio Company stock. (Judgment Entry dated April 11, 1998).
 The trial court erred and abused its discretion by awarding Appellee any sums relating to the purchase of the Ford truck. (Judgment Entry dated April 11, 1998).
 The trial court abused its discretion with regard to the spousal support award as application of the R.C. 3105.18
factors did not justify any award of spousal support. (Judgment Entry dated April 11, 1998).
 First Assignment of Error
In granting a divorce, a trial court is required to "determine what constitutes the parties' marital property and what constitutes their separate property." Barkley v. Barkley (1997), 119 Ohio App.3d 155, 159
(citing R.C. § 3105.171(B)). Ohio law defines "separate property" in pertinent part as "all real and personal property and any interest in real or personal property that is found by the court to be any of the following: . . . [a]ny real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage." R.C. 3105.171(A)(6)(a)(ii). "Marital property" is also defined by Ohio law. This definition in relevant part states: "all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage[.]" R.C. 3105.171(A)(3)(a)(iii).
Because making such a determination involves a factual inquiry, a reviewing court must examine the trial court's decision "under the standard of manifest weight of the evidence." Barkley,119 Ohio App.3d at 159 (citations omitted). Thus, "[a] judgment of a trial court will not be reversed as being against the manifest weight of the evidence if the court's judgment is supported by some competent, credible evidence."Id. This highly deferential standard of review permits the affirmation of the judgment of a trial court if there is "even `some' evidence" to support the finding of that court. Id. In addition, "[a] reviewing court should be guided by a presumption that the findings of a trial court are correct, since the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use those observations in weighing the credibility of the testimony."Id. (citing In re Jane Doe I (1991), 57 Ohio St.3d 135).
After classifying the property as marital or separate, the trial court generally awards each spouse his or her separate property and then divides the marital property equally "unless an equal division would be inequitable." Barkley, 119 Ohio App.3d at 159 (citing R.C. §3105.171(C), (D)). A trial court is granted wide discretion in determining how to fashion an equitable division according to the circumstances of each case before it. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 218. Thus, absent an abuse of discretion, "[a]n appellate court should not reverse the judgment of the trial court[.]"Barkley, 119 Ohio App.3d at 159 (citing Martin v. Martin (1985),18 Ohio St.3d 292, 294-295). In Blakemore, the Ohio Supreme Court held that a trial court abuses its discretion if its "attitude is unreasonable, arbitrary or unconscionable." Blakemore,5 Ohio St.3d at 219 (citations omitted).
In the case sub judice, the residence in which the parties resided throughout their marriage was purchased in August of 1991, by J.R. Mason, Inc. (hereinafter "the corporation"), and the parties began living there prior to being married in November of 1991. Mr. Mason is the sole shareholder of the corporation and also acts as its sole director, president, vice-president, secretary, and treasurer. The uncontroverted testimony of Mrs. Mason was that she was the first to "find" the home and was the one who showed it to Mr. Mason, believing that it would be their marital home. In addition, there was evidence that both of the parties exerted their time, labor, and money to the improvement and upkeep of the home. However, the record also reflects that the property was titled in the corporation's name, that it was the corporation that received a loan with which to purchase the home, and that the corporation paid for many of the materials used to improve the property.
Although the trial court did not specifically find that the marital home was separate or marital property, for purposes of achieving an equitable distribution of assets in this divorce it found that Mr. Mason and the corporation were, in essence, indistinguishable. As a result, the trial court found that the appreciation value of the home was marital property because the parties had improved it. Additionally, the trial court found that Mrs. Mason used $27, 692.00 of her own money towards payment for the home. Consequently, the trial court awarded one-half of the value of the property's appreciation to Mrs. Mason. Under the circumstances of this case, we cannot find that the trial court's decision that the appreciation value of the home was marital property is against the manifest weight of the evidence. In short, there is some competent, credible evidence that the appreciation of the property occurred because of the contributions by both of the parties during the marriage. Nor can we find that the trial court abused its discretion in awarding Mrs. Mason one-half of the appreciation value, especially in light of the fact that Mr. Mason was awarded the home and any further appreciation. Therefore, Mr. Mason's first assignment of error is not well-taken and is overruled.
 Second Assignment of Error
In Mr. Mason's second assignment of error, he maintains that the trial court abused its discretion by awarding Mrs. Mason one-half the value of the proceeds from the sale of the stock Mr. Mason purchased in the Ohio Company. This Court begins by noting that two months prior to Mrs. Mason filing for divorce, Mr. Mason entered into a rental contract with J.R. Mason, Inc., whereby he would pay the corporation $500.00 per month to live in the home owned by the corporation, including back rent in the amount of $20,000.00 for the entire time that he and Mrs. Mason lived in the home. Mr. Mason alleges that he used the proceeds of his stock in the Ohio Company to pay a portion of the rent that was owed to J.R. Mason, Inc., for living in the home owned by J.R. Mason, Inc.
In support of his argument, Mr. Mason claims that the trial court made inconsistent findings. He alleges that the trial court determined that the payment of $20,000.00 in back rent for the marital home was a legitimate marital expense, while simultaneously awarding Mrs. Mason one-half of the value of the proceeds of the Ohio Company stock, which was used to pay part of the rent. Additionally, Mr. Mason contends that the trial court made matters worse by failing to properly consider the liabilities of the parties in awarding Mrs. Mason one-half the gross value of the stock and leaving Mr. Mason with the entire tax liability.
This assignment of error is without merit. Although the trial court found that the $20,000.00 in rent was owed to J.R. Mason, Inc., thus, not awarding Mrs. Mason any part thereof, it did not find that the proceeds from the Ohio Company stock were used to pay this rent. In addition, the testimony revealed that the stock was purchased during the marriage, and Mr. Mason admitted that he used a portion of the proceeds to pay "some obligations that [he] had to take care of, and that's what [he] did with it." Specifically, Mr. Mason testified regarding Plaintiff's Exhibit 22, which showed that the estimated tax liability of the stock proceeds was $2,500.00, and that $7,591.00 of the proceeds were used to pay the corporation for undisclosed purposes. However, Mr. Mason later testified that he used the proceeds of the stock to pay the past due rent. Given the conflicting testimony, the trial court's finding that the proceeds of the Ohio Company stock was a marital asset was not against the manifest weight of the evidence. Mr. Mason's own testimony provided the court with some evidence that the stock was a marital asset.
As for the trial court's decision to award Mrs. Mason one-half the value of the stock before taxes, the trial court has discretion to divide property in order to achieve an equitable result. R.C. 3105.171(C). As previously discussed, the trial court's division of marital property will not be disturbed absent an abuse of discretion. Blakemore, supra. Throughout the marriage, Mr. Mason was able to commingle his corporation's property with that of the marriage and of his own. For instance, his corporation's vehicles were used by both he and his wife, as well as his son. Following the divorce, Mrs. Mason no longer has access to these assets unlike Mr. Mason who, among other things, is able to remain in the marital home. In addition, the trial court did not award Mrs. Mason any of the money that she put into the marriage, such as the $27,692.00 that she brought to the marriage from a previous marriage. Thus, the trial court's decision to give Mr. Mason all of the tax liability on the proceeds of the sale of the stock reflects an equitable division of the property. Given the totality of the circumstances, this Court cannot find that the trial court abused its discretion in this regard. Therefore, Mr. Mason's second assignment of error is not well-taken and is overruled.
 Third Assignment of Error
Mr. Mason's third assignment of error pertains to the purchase of a 1996 Ford pick-up truck. Mr. Mason maintains that he paid for the vehicle as a way to facilitate a purchase for the corporation and that he was immediately reimbursed by the corporation. Thus, Mr. Mason contends that marital funds were never used to purchase the truck.
As previously discussed, Ohio law defines "marital property." The statute states, in relevant part, that marital property includes "personal property that currently is owned by either or both of the spouses . . . and that was acquired by either or both of the spouses during the marriage[.]" R.C. 3105.171(A)(3)(a)(i). "Thus, property acquired during the marriage is presumed to be marital in nature unless it can be shown to be separate." Barkley v. Barkley (1997),119 Ohio App.3d 155, 160. In addition, this Court once again notes that a trial court's determination of what constitutes "marital property" is to be reviewed "under the standard of manifest weight of the evidence."Id. at 159.
In the present case, the record reveals that on June 22, 1996, Mr. Mason wrote a check on his personal account at National City Bank to Dick Ruhl Ford Sales, Inc., for $21,173.93. Defendant's Exhibit E contains a copy of this check. In addition, this Exhibit contains a copy of the purchase agreement whereby Mr. Mason signed as the purchaser in his capacity as president of J.R. Mason, Inc. Mr. Mason testified that he requested that the seller hold this check until he could get the funds in his account from the corporation and that the corporation transferred $25,000.00 to his personal account to pay for the truck. However, Exhibit E does not show this. It reflects that Russel Mason, Mr. Mason's father, issued a check to the corporation in the amount of $25,000.00 on June 25, 1996, and that $25,000.00 was deposited into the corporation's account on June 28, 1996.
The documentary evidence does not directly support the testimony of Mr. Mason. In fact, this evidence provides some competent, credible evidence that the truck was purchased with marital funds because the check used to purchase the truck was written on Mr. Mason's personal account. Of course, the choice of what and who to believe is in the hands of the trial court as the trier of fact. Id. The trial court was well within its discretion in awarding Mrs. Mason one-half of the money used to purchase the truck. Therefore, this assignment of error is not well-taken and is overruled.
 Fourth Assignment of Error
The goal sought in providing an award of spousal support "is to reach an equitable result." Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 70. A trial court is granted broad discretion in awarding spousal support. However, R.C. 3105.18 mandates that a trial court must consider certain relevant factors in its evaluation of the surrounding facts and circumstances. See Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, paragraph one of the syllabus. In addition, a trial court is required to "indicate the basis for its [spousal support] award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." Id. at paragraph two of the syllabus. Moreover, "[a]n award of sustenance alimony must not exceed an amount which is reasonable." Kunkle, 51 Ohio St.3d at paragraph three of the syllabus.
In the case sub judice, the trial court stated in its final judgment entry of divorce that spousal support was warranted pursuant to R.C.3105.18, specifically sub-sections (a), (b), and (c). Thereafter, in its findings of fact and conclusions of law, the trial court specifically recognized the following factors: Mrs. Mason earned $16,866.72 per year and Mr. Mason earned $71,000 per year, illustrating a disparity of income between the parties, R.C. 3105.18(C)(1)(a); the disparity of the earning ability of the parties, R.C. 3105.18(C)(1)(b); the retirement benefits of each party, R.C. 3105.18(C)(1)(c); the standard of living (upper middle class with considerable dining out, traveling, and entertaining) of the parties during the marriage, R.C. 3105.18(C)(1)(g); the relative educations of each, R.C. 3105.18(C)(1)(h); the contributions to the marriage of each; the desire of Mrs. Mason to acquire additional education and training, R.C. 3105.18(C)(1)(k); and the tax consequences of each party, R.C. 3105.18(C)(1)(l).
In assessing the R.C. 3105.18 factors in light of the evidence in the record and the trial court's specific findings, this Court cannot find that the trial court abused its discretion in awarding Mrs. Mason spousal support. Additionally, this Court cannot find that spousal support in the amount of $1,000.00 a month for a period of twelve months is an unreasonable amount. Accordingly, Appellant's forth assignment of error is not well-taken and is overruled.
For all of these reasons the judgment of the Common Pleas Court of Union County is affirmed.
BRYANT and HADLEY, JJ., concur.