OPINION
{¶ 1} Appellant Royston J. Dunlop, Jr., appeals from a judgment of the trial court denying his motion for a change of custody of his three minor children. Dunlop contends that the trial court's decision is not supported by the evidence, and that the trial court erred in failing to adopt the magistrate's decision awarding him custody. He further contends that the trial court erred by denying his motion for dismissal of pleadings filed by his ex-wife.
 {¶ 2} We conclude that the judgment is not against the manifest weight of the evidence, and that the trial court did not err in declining to adopt the decision of the magistrate. We also conclude that the trial court did not err by denying Dunlop's motion to dismiss. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} Royston Dunlop, Jr. and Cynthia A. Dunlop (now Bynum) were divorced in 1996. As part of the decree of divorce, Bynum was granted custody of the parties' three minor daughters.
 {¶ 4} In 2001, Dunlop filed a motion for change of custody. His affidavit in support of his motion stated that he had provided a place for his children and Bynum to live, rent-free, in order to prevent them from becoming homeless. He also averred that Bynum had failed to pay any utility bills while living there. Finally, he averred that he did not want his children to reside in "such an unstable environment" and that a change of custody was in the children's best interest.
 {¶ 5} The matter was tried before a magistrate in September, 2001. The following facts were established by evidence adduced at the hearing. Since the time of the divorce, Bynum and the girls changed residences a total of six times. In 1999, Bynum failed to inform Dunlop of her change of residence, which resulted in a finding of contempt against her. Also, Bynum became involved with a man who committed various acts of domestic violence against her, some in the presence of the parties' children. In order to get away from the abusive situation, Bynum and the girls moved into a duplex owned by Dunlop, and Bynum ended the relationship. Bynum did not pay Dunlop any rent for the dwelling.
 {¶ 6} As a result of frequent changes of residence, one daughter had attended four different schools, and another had attended three schools. However, at the time of the hearing all three children had been attending the same school for two years, were making excellent grades, and appeared happy and well-adjusted. Also, Bynum had been employed for almost a year, and had secured different housing.
 {¶ 7} The report submitted by the Guardian Ad Litem recommended that Bynum retain custody if she maintained employment and made "independent living arrangements."
 {¶ 8} The magistrate found that the children had adjusted well to the changes of residence and school. However, the magistrate found the number of moves excessive and found that they constituted a change of circumstances. The magistrate also found that the dangerous relationship with the abusive boyfriend constituted a change of circumstances. The magistrate also found that Bynum had failed to support the children. Therefore, the magistrate found that it would be in the children's best interest to grant Dunlop's motion for a change of custody.
 {¶ 9} Bynum filed objections to the magistrate's report. Dunlop filed a response to the objections. The trial court reviewed the record, and found that there was no substantive change of circumstances warranting a change of custody. Furthermore, the trial court found that even if there were a change of circumstances, there was no evidence to support a finding that a custodial change would be in the best interest of the children. The trial court sustained Bynum's objections, and denied Dunlop's motion for a change of custody. From the denial of his motion, Dunlop appeals.
 II {¶ 10} Dunlop's First, Second, Third and Fourth Assignments of Error are as follows:
 {¶ 11} "THE TRIAL COURT ERRED WHEN IT FAILED TO ADOPT THE MAGISTRATE'S DECISION FINDING THAT THERE HAD BEEN A CHANGE OF CIRCUMSTANCES SUFFICIENT TO SUPPORT A CHANGE OF CUSTODY.
 {¶ 12} "THE TRIAL COURT ERRED BY FOCUSING ON FUTURE POSSIBILITIES WHEN IT FOUND THAT MOTHER HAD ESTABLISHED INDEPENDENT LIVING ARRANGEMENTS.
 {¶ 13} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO ADOPT THE MAGISTRATE'S DECISION IN FINDING THAT GRANTING A CHANGE OF CUSTODY TO THE APPELLANT WAS IN THE BEST INTEREST OF THE CHILDREN.
 {¶ 14} "THE TRIAL COURT'S DECISION AND JUDGMENT WAS NOT SUPPORTED BY THE WEIGHT OF THE EVIDENCE."
 {¶ 15} Dunlop contends that the judgment of the trial court is against the manifest weight of the evidence. He further contends that the trial court erred in not adopting the magistrate's decision, because the evidence establishes both a change of circumstances and that a change of custody is in the best interest of the children. Finally, he contends that the trial court erred by considering evidence of "future possibilities" with regard to the issue of Bynum's housing arrangements.
 {¶ 16} R.C. 3109.04(E)(1)(a), which governs the modification of a prior decree of the allocation of parental rights and responsibilities, provides:
 {¶ 17} "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, [or her] residential parent * * * and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree * * * unless a modification is in the best interest of the child and one of the following applies:
 {¶ 18} "* * *
 {¶ 19} "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
 {¶ 20} Based upon this statute, a trial court can modify parental rights and responsibilities if it finds that there has been a change of circumstances, that the modification is in the best interest of the child, and that any harm likely to result from a change of environment is outweighed by the advantages of the change. Clark v. Smith (1998),130 Ohio App.3d 648, 653.
 {¶ 21} "The clear intent of that statute is to spare children from a constant tug of war between their parents who would file a motion for change of custody each time the parent out of custody thought he or she could provide the children a `better' environment. The statute is an attempt to provide some stability to the custodial status of the children, even though the parent out of custody may be able to prove that he or she can provide a better environment." Wyss v. Wyss (1982),3 Ohio App.3d 412, 416.
 {¶ 22} "The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." Miller v. Miller (1988), 37 Ohio St.3d 71,74. Moreover, this broad discretionary power of the trial court necessarily limits the authority of an appellate court to reverse a custody decision as being against the manifest weight of the evidence.Thrasher v. Thrasher (1981), 3 Ohio App.3d 210, 214-215. The trial court's decision is presumed to be correct, and a reviewing court may only reverse a custody decision upon a showing of an abuse of discretion. Miller v. Miller, supra, 37 Ohio St.3d at 74. The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary or unconscionable. Martin v. Martin (1985), 18 Ohio St.3d 292,295.
 {¶ 23} The trial court indicated that it had "thoroughly and independently reviewed the testimony and evidence" in this case and found that the record did not support the magistrate's findings. Specifically, the trial court found that although Bynum had moved the children six times, two of those times were necessary in order to "extract herself and the children from an abusive relationship" with the boyfriend. The trial court did not find the number of moves to be excessive or to constitute a change of circumstances. In fact the court noted that the record supported a finding that the children were happy and well-adjusted despite the moves. We find nothing in the record to indicate that the children had been negatively affected by the moves. Additionally, the record shows that the children had been attending the same school for two years, and that they would continue at the same school even after moving into the new housing secured by Bynum.
 {¶ 24} The trial court further found that the relationship with the abusive boyfriend did not constitute a change of circumstances. The court found that Bynum acted in the children's best interest in that regard. We must agree that the record indicates that Bynum acted appropriately and ended the abusive relationship. The relationship had certainly ended prior to the time of the hearing, and there is no indication that Bynum had intentionally subjected the children, or herself, to abuse.
 {¶ 25} The trial court also stated that there was no evidence to support the magistrate's finding that Bynum had failed to support the children. Specifically, the trial court found that "the unrefuted testimony from the hearing indicates that Bynum is employed as a health care provider working approximately 40 hours per week[, and that] she further presented unrefuted evidence that she has secured her own residence prior to the hearing." We agree. The record contains no evidence to dispute Bynum's testimony regarding her employment.
 {¶ 26} Finally, the trial court noted that even had a change of circumstances been demonstrated, Dunlop's claim that he could provide a better living environment constituted insufficient grounds to determine that a change of custody would be in the best interest of the children. We agree. Given that the evidence showed that the children were happy and doing well at home and in school, and that the GAL recommended that Bynum retain custody if she became employed and obtained independent housing, both of which she has done, we cannot say that a change of custody would benefit the children.
 {¶ 27} Based upon the record before us, we cannot say that the trial court abused its discretion in finding that no change of circumstances sufficient to justify a different allocation of parental responsibility was demonstrated on the record. We conclude that the trial court's findings are supported by evidence in the record. Accordingly, we find that the trial court did not err by not adopting the magistrate's decision and denying Dunlop's motion for a change of custody.
 {¶ 28} Dunlop's First, Second, Third and Fourth Assignments of Error are overruled.
 III {¶ 29} Dunlop's Fifth Assignment of Error is as follows:
 {¶ 30} "THE TRIAL COURT ERRED BY NOT DISMISSING OUTRIGHT THE OBJECTIONS AND OTHER MOTIONS, REQUESTS OR NOTICES FILED BY MOTHER."
 {¶ 31} Dunlop contends that, because Bynum violated Civ.R. 5(B) by failing to serve him with a copy of her filings, the trial court erred by failing to grant his motion to dismiss Bynum's objections to the magistrate's decision and other motions.
 {¶ 32} Civ.R. 5 does require that parties serve each other with copies of pleadings filed with the court. However, trial courts have broad discretion in dealing with procedural matters. Davis v. ImmediateMed. Serv., Inc. (1997), 80 Ohio St.3d 10, 14. This extends to a trial court's discretion whether to impose the extreme sanction of dismissal of a motion or pleading because it fails to conform to the Rules of Civil Procedure. In this case, although Bynum failed to comply with Civ.R. 5 with regard to eight different pleadings, including her objections to the magistrate's decision, Dunlop nevertheless became aware of the pleadings, and responded to them. Of importance to this appeal, Dunlop was able to respond to Bynum's objections to the magistrate's decision. Therefore, we cannot say that the trial court's failure to grant Dunlop's motion to strike Bynum's pleadings constitutes an abuse of discretion.
 {¶ 33} Dunlop's Fifth Assignment of Error is overruled.
 IV {¶ 34} All of Dunlop's Assignments of Error having been overruled, the judgment of the trial court is affirmed.
WOLFF, P.J., and GRADY, J., concur.