OPINION
{¶ 1} Plaintiff-Appellant, James Troyer, appeals a judgment of the Putnam County Common Pleas Court, granting his petition for a divorce from Defendant-Appellee, Iryna Troyer. James maintains that the trial court abused its discretion in the distribution of the parties' property. Having reviewed the record, we find that the trial court's judgment was not unreasonable, arbitrary, or unconscionable. Accordingly, the judgment of the trial court is affirmed.
 {¶ 2} In August of 2001, James and Iryna were married, but they separated after just over a year. During this brief marriage, no children were produced and neither party accumulated a significant amount of assets or debt. Both parties stipulated to incompatibility as grounds for the divorce.
 {¶ 3} At trial, evidence was introduced that Iryna had bought a car during the marriage and that James was in the process of buying the car he was currently using. There was also evidence introduced that Iryna had a personal bank account and a retirement pension fund. James testified that he had in his possession a personal computer worth around $1,000. He also testified that he was personally responsible for $876.50 in medical bills.
 {¶ 4} In dividing the property among the parties, the trial court granted each party the right to retain all personal property in their possession. The trial court also allowed each party to keep their respective vehicles, along with any encumbrances upon the vehicles, and any pension or retirement funds earned during the marriage. Iryna was ordered to assume responsibility for James' medical bill, but she was allowed to keep the amounts in any personal bank accounts she had. No spousal support was ordered for either party. From this judgment James appeals presenting three assignments of error for our review.
 Assignment of Error I The trial court failed to equitably divide the bank account ofthe Defendant.
 Assignment of Error II The trial court failed to equitably divide the equity in acertain automobile titled to the Defendant.
 Assignment of Error III The trial court failed to take into account or divide theDefendant's pension and/or retirement accounts at Whirlpool.
 {¶ 5} In all three of his assignments of error, James challenges the trial court's distribution of the parties' property. Therefore, we will address all three assignments of error collectively.
 {¶ 6} Trial courts are given broad discretion in determining an equitable distribution of the property in divorce cases. Lustv. Lust, 3rd Dist. No. 16-02-04, 2002-Ohio-3629, at ¶ 25, citing Brisker v. Brisker (1994), 69 Ohio St.3d 608, 609,635 N.E.2d 308; James v. James (1995), 101 Ohio App.3d 668, 680,656 N.E.2d 399. As long as the distribution ordered by the trial court is not unreasonable, arbitrary, or unconscionable, the court acts within its discretion in fashioning an award. Lust,
at ¶ 25, citing Martin v. Martin (1985), 18 Ohio St.3d 292,294-295, 480 N.E.2d 1112.
 {¶ 7} James first contends that the trial court erred by failing to divide Iryna's bank account evenly between the parties. Evidence at trial established that Iryna's personal bank account had $245.92 at the time the parties separated. James asserts that the her account actually contained around $6,000 only a month prior to the separation and that such funds were purposely expended by Iryna in anticipation of the separation. However, other than his unsubstantiated testimony, James fails to provide any evidence that the bank account ever contained such a significant amount of money, or that any money from the account was wrongfully used. Furthermore, not only did the trial court's judgment entry allow James to keep his own personal bank accounts, but he was also awarded the personal computer worth around $1,000.
 {¶ 8} The next property distribution challenged by James is the trial court's decision to allow each party to retain their automobile. James contends he is entitled to half of the $1,675 in marital funds used as a down payment on Iryna's automobile. What James fails to address is the fact that the court also assigned the approximately $2,000 in loans still attached to the automobile solely to Iryna. Moreover, James retained any interest in the automobile he was using at the time of the separation.
 {¶ 9} Finally, James claims that the trial court erred in failing to divide Iryna's pension fund evenly between the parties. The trial court's judgment entry allowed each party to retain any retirement benefits or plans accrued during the course of the marriage. The trial court also made Iryna exclusively responsible for paying James' medical bills in the amount of $876.50.
 {¶ 10} Looking at the entire property distribution awarded by the trial court, we can not say that it was unreasonable, arbitrary, or unconscionable. The trial court specifically stated on the record that its property division was based on each party receiving approximately the same amount of value. We find nothing in the evidence or James' arguments to prove otherwise. Accordingly, we overrule all three of James' assignments of error and affirm the judgment of the trial court.
 {¶ 11} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
Shaw, P.J., and Cupp, J., concur.