{¶ 28} I respectfully dissent from the majority's decision.
 {¶ 29} In the case at bar, the child has already spent the majority of her life with her maternal aunt and uncle in a loving, caring, and stable environment. Suddenly removing her from this environment would not be in her best interest. I agree with both the trial court and the magistrate that the child should remain with her aunt and uncle.
 {¶ 30} R.C. 2151.353(A)(3), 2151.417(B) and 2151.42(A) grant the trial court discretion to award legal custody of a child who has been adjudicated neglected to a person other than the parent of the child if it is in the "best interest of the child." Thereis no requirement that the trial court make an explicit findingof parental unsuitability before awarding custody to a non-parentin such a situation. In re C.F., Cuyahoga App. No. 82107, 2003-Ohio-3260. This honorable court held that the trial court did not err by failing to give the father a parental unsuitability determination before awarding legal custody of the child to the maternal grandmother. Id.
 {¶ 31} The trial court record in the case sub judice demonstrates competent credible evidence to support the decision awarding legal custody of the child to the maternal aunt and uncle. The child has been living with the maternal aunt and uncle since she was a baby.[1] Social worker Harris testified that the aunt and uncle have done a good job, C.R. is doing well in their care, and there have been no problems with other family members receiving visitation during this time.[2] In contrast, the magistrate stated that the demeanor of P.B., the paternal grandmother, indicates that she has a "reluctance to grant visitation with the other relatives. [P.B.'s] reluctance to agree to a fixed visitation schedule calls into question her willingness to work with other relatives. This clearly would notbe in the best interests of [C.R.]."[3] (Emphasis added.)
 {¶ 32} Moreover, the magistrate stated in his decision that the testimony adduced and the demeanor of the witnesses throughout the trial clearly show that the aunt and uncle have been a positive and nurturing force in the child's life. They have provided a loving and stable home for C.R.[4] In addition to the above, guardian ad litem Ristity recommends that the best interests of C.R. would be served by granting legal custody of C.R. to the aunt and uncle.
 {¶ 33} The evidence presented casts doubt on appellant's ability to provide for the best interests of C.R. Appellant has two other children that he was under order to visit while supervised.[5] In addition, appellant was in arrears with child support regarding those children. Appellant did not keep in regular contact with C.R., did not offer financial support, and failed to visit her in the hospital.[6] Appellant never sought custody of his two other children.[7] The fact that appellant never sought custody of his two other children demonstrates to me his propensity to leave his children's upbringing to his mother, P.B.
 {¶ 34} The general rule in Ohio, which has been codified in R.C. 3109.04(B)(1) and (E)(1)(a), is that once an original custody award has been made, that award will not be modified unless necessary to serve the best interest of the child. A trial court is vested with broad discretion to determine what constitutes an appropriate placement of a child in a custody proceeding, and its exercise of discretion will not be disturbed on appeal absent some demonstration that the court abused its discretion. Martin v. Martin (1985), 18 Ohio St.3d 292.
 {¶ 35} The evidence presented in the case sub judice is more than sufficient to demonstrate that it is in C.R.'s best interest to be in the custody of her maternal aunt and uncle.
[1] The child was first placed with the aunt and uncle on July 19, 2001. Tr. at 279.
[2] See magistrate's decision, journalized Dec. 26, 2002, p. 2.
[3] Magistrate's decision, p. 2.
[4] Magistrate's decision, p. 2.
[5] Tr. Nov. 21, 2002, p. 188.
[6] Tr. Nov. 21, 2002, pp. 261, 265.
[7] These two children are also the biological children of a union between S.R. and appellant.