OPINION
{¶ 1} Plaintiff Barbara D. Crues appeals a judgment of the Court of Common Pleas, Family Court Division, of Stark County, Ohio, which granted a divorce to her and defendant appellee George Crues, Jr. The trial court divided the marital property between the parties, ordered spousal support, named appellant as the residential parent of the parties' minor child, and established child support. Appellant assigns three errors to the trial court:
 {¶ 2} "I. The trial court erred in awarding appellee the dependency tax exemption in contravention of Ohio Revised Code3119.82.
 {¶ 3} "II. The trial court's division of marital property was inequitable and unreasonable, as it awarded appellee nearly half of appellant's retirement funds, despite appellee having squandered all the marital assets not protected in bankruptcy, and while finding that appellee engaged in questionable financial transactions.
 {¶ 4} "III. The award of spousal support goes against the manifest weight of the evidence as to what is reasonable and appropriate and, as such, is an abuse of discretion."
 {¶ 5} Appellant does not appeal the merits of the divorce, but only certain financial aspects of the trial court's order. The record indicates the parties had been married for some ten years, although they had been separated during part of that time. The marriage produced one child.
 {¶ 6} Appellant was employed as a teacher in the Canton City School District during the time the parties were married, and during the pendency of this appeal. Appellant also had a supplemental contract with the school district to coach the girl's golf team at McKinley Senior High School. Appellee was employed in finance, first at Charter One Bank and then at Cambridge Savings and Loan. Around 1995 to 2000, appellant formed a company known as First Fidelity Commerce in which he was a majority shareholder and the CEO. By 2000, there were seven people involved in the company. The testimony was disputed regarding exactly what happened, and the court made no findings of facts regarding this. Basically, First Fidelity Commerce was disbanded amid several lawsuits. At the time of hearing, appellant was the business manager of financing for a car dealer. Appellee testified he was not on salary, but simply paid on commission.
 {¶ 7} In 2001, the parties filed for bankruptcy, and all the assets of the marriage were lost with the exception of a vacant lot which the court found was the separate property of appellee. The only assets remaining in the marriage were appellant's STRS Pension, worth approximately $131,000 and her 401K worth $7,600. Appellee's pension was valued at $2,000.
 {¶ 8} The trial court found appellant has a master's degree and appellee has two years of college. The trial court's finding regarding the parties' incomes shows at the time of hearing, appellant was earning more than twice what appellee did.
 I {¶ 9} In her first assignment of error, appellant argues the trial court should not have awarded appellee the dependency tax exemption for the parties' minor child.
 {¶ 10} R.C. 3119.82 provides in cases where the parties do not agree which parent may claim the children as dependants, the court shall consider any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the Federal Earned Income Tax Credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the child.
 {¶ 11} Appellant cites Singer v. Dickinson (1992),63 Ohio St. 3d 408, 414, N.E. 2d 806, where the Supreme Court held the Internal Revenue Code does not prohibit a trial court from awarding the dependency exemption to a non-custodial parent if the allocation would produce net tax savings for the parents and thereby further the best interest of the child.
 {¶ 12} The Singer court found the allocation of the exemption concerns the support of the child, and the tax exemption is clearly meant to provide a federal tax allowance for the costs attributable to supporting children. The tax code in effect at the time Singer was decided gave a presumption the custodial parent should receive federal tax allowance.
 {¶ 13} The Singer court examined the trial court's judgment, and found the juvenile court's stated reason for its allocation was that the non-custodial parent was paying less than the recommended order, apparently referring to the child-support guidelines then applicable. The Supreme Court found the juvenile court's analysis assumed that the parent having the greater support obligation under the guidelines should receive the exemption. The Supreme Court found it could not perceive how it serves the child's best interest to allow a non-custodial parent to claim the exemption when there will be no net tax savings. Awarding the exemption to the party who receives a lesser tax advantage does not further the child's best interest, because it actually decreases the resources available to support the child. The Singer court concluded the juvenile court's order was not in the child's best interest.
 {¶ 14} The trial court here did not make a finding that awarding appellee the tax exemption for the minor child was in the best interest of the child. Following Singer, supra, given the earning potential of the two parties, and in light of the fact appellee testified the problems and litigation over First Fidelity Commerce and the subsequent bankruptcy, had damaged his reputation in the world of finance, coupled with the fact that appellant has been named the residential parent of the minor child, we must conclude the trial court's allocation of the tax exemption to appellee does not further the best interest of the child. We find on the record before us, it is clear the best interest of the child is furthered by awarding appellant the tax exemption.
 {¶ 15} The first assignment of error is sustained.
 II {¶ 16} In her second assignment of error, appellant challenges the trial court's division of marital property. The trial court awarded appellee 45% of appellant's STRS Pension earned during the marriage, and 40% of appellant's 401K. The trial court allowed appellee to retain his own pension.
 {¶ 17} The trial court found appellee had been involved in some questionable financial transactions.
 {¶ 18} R.C. 3105.171 begins with the proposition a division of marital property should be equal, except that if equal would be inequitable, the court should divide it in the manner the court determines equitable. One of the factors the court uses to determine the equities is any financial misconduct of one of the spouses. The statute provides if there was financial misconduct by one spouse, the court may compensate the other spouse with a distributive award or with a greater award of marital property.
 {¶ 19} Appellant urges the trial court abused its discretion in dividing the property nearly equally between the parties because appellee's financial misconduct was the reason why a large part of the marital property had been lost.
 {¶ 20} The Supreme Court has always applied the abuse of discretion standard to reviews of a trial court's determination in a domestic relations case, Booth v. Booth (1989),44 Ohio St. 3d 142, 144. The Supreme Court made the abuse of discretion standard specifically applicable to divisions of marital property in Martin v. Martin (1985), 18 Ohio St. 3d 292. The Supreme Court has defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary, or unconscionable, see, e.g., Blakemore v. Blakemore (1983), 5 Ohio St. 3d 217.
 {¶ 21} We find the trial court did not abuse its discretion in its division of the remaining marital property.
 {¶ 22} The second assignment of error is overruled.
 III {¶ 23} In her third assignment of error, appellant challenges the trial court's award of spousal support to appellee. The trial court ordered appellant to pay spousal support of $600 per month for a period of three years, and the court retained jurisdiction of the spousal support.
 {¶ 24} R.C. 3105.18 allows the trial court to award reasonable spousal support to either party after it has divided the marital property. The statute contains fourteen factors the trial court should consider in determining the amount and duration of the spousal support:
 {¶ 25} (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 26} (b) The relative earning abilities of the parties;
 {¶ 27} (c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 28} (d) The retirement benefits of the parties;
 {¶ 29} (e) The duration of the marriage;
 {¶ 30} (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 31} (g) The standard of living of the parties established during the marriage;
 {¶ 32} (h) The relative extent of education of the parties;
 {¶ 33} (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 34} (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 35} (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 36} (l) The tax consequences, for each party, of an award of spousal support;
 {¶ 37} (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 38} (n) Any other factor that the court expressly finds to be relevant and equitable.
 {¶ 39} The Supreme Court has made the abuse of discretion standard specifically applicable to spousal support inBlakemore, supra. We find the trial court did not abuse its discretion in making the spousal support award.
 {¶ 40} The third assignment of error is overruled.
 {¶ 41} For the foregoing reasons, the judgment of the Court of Common Pleas, Family Court Division, of Stark County, Ohio, is affirmed in part and reversed in part.
Gwin, P.J., Wise, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Family Court Division, of Stark County, Ohio, is affirmed in part and reversed in part. Pursuant to App. R. 12, we hereby enter final judgment and award appellant the federal income tax exemption for the parties' minor child, subject to the continuing jurisdiction of the trial court. Costs to be split between the parties.