OPINION
{¶ 1} This is an appeal from decisions adopted by the Court of Common Pleas of Ashland County relative to the division of marital property, date of termination of the marriage of the parties and debt allocation.
STATEMENT OF THE FACTS AND CASE
 {¶ 2} Francis C. Porter and Bradley A. Porter were married on January 10, 1976, and separated in the latter part of 1998.
 {¶ 3} After a Magistrate heard considerable evidence, the Court adopted the amended Magistrate's findings, ordered a division of property and determined that the final hearing date of June 26, 2002, was to be utilized as the termination of marriage date.
 {¶ 4} Appellant raises three Assignments of Error:
ASSIGNMENTS OF ERROR
 {¶ 5} "I. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION IN FINDING THAT THE APPELLEE DISSIPATES AND DESTROYS ASSETS AND THEN PROCEEDED TO AWARD TO HER $117,000.00 OF MARITAL PROPERTY AND WITHOUT APPROPRIATE COMPENSATION TO THE APPELLANT."
 {¶ 6} "II. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION IN FINDING THAT THE DATE OF FINAL HEARING WAS THE ENDING OF THE MARRIAGE RATHER THAN THE DATE OF SEPARATION."
 {¶ 7} "III. THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE APPELLANT IN FAILING TO FIND THE $16,000.00 ATTORNEY FEES PAID, AND PAYMENT FOR THE SAME IS A NON-MARITAL PROPERTY TRANSACTION."
 {¶ 8} Each of the Assignments of Error either asserts or argues an abuse of discretion by the trial Court.
 {¶ 9} In order to find an abuse of discretion, we must determine that the trial court=s decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 I. {¶ 10} The first Assignment of Error states that the Court abused its discretion in finding that Appellee had dissipated and destroyed assets and then proceeded to an improper division of the remaining assets. We disagree.
 {¶ 11} While the trial court incorporated the Magistrate's Amended Decision by reference, we fail to observe any finding by either the Magistrate or the Court as to dissipation or destruction of assets.
 {¶ 12} The only statement in this regard by the Magistrate was in Paragraph 5, page 12, to-wit:
 {¶ 13} "During the course of the parties' marriage, plaintiff has incurred significant debt and displays a tendency to spend in excess of her disposable income. This tendency is further displayed by plaintiff's actions in incurring additional debt during the pendency of this matter, although an order of injunctions prohibiting the same was previously issued."
 {¶ 14} R.C. 3105.171(5)(3) authorizes the Court but does not require the Court to consider dissipation of assets had the Court so found it to be present. R.C. 3105.171(5)(3) states in pertinent part:
 {¶ 15} "If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property."
 {¶ 16} It is clear that the Court considered the statutory factors enumerated in R.C. 3105.171(F), which states:
 {¶ 17} "(F) In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors:
 {¶ 18} "(1) The duration of the marriage;
 {¶ 19} "(2) The assets and liabilities of the spouses;
 {¶ 20} "(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
 {¶ 21} "(4) The liquidity of the property to be distributed;
 {¶ 22} "(5) The economic desirability of retaining intact an asset or an interest in an asset;
 {¶ 23} "(6) The tax consequences of the property division upon the respective awards to be made to each spouse;
 {¶ 24} "(7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
 {¶ 25} "(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
 {¶ 26} "(9) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 27} While we agree that the standard of review as to division of marital property is abuse of discretion, Martin v. Martin (1985),18 Ohio St.3d 292, we cannot substitute our judgment for that of the trial court unless when considering the totality of the circumstances we find that this standard has been violated. Holcomb v. Holcomb (1989),44 Ohio St.3d 128. Such is not present here.
 {¶ 28} We therefore find the First Assignment not well taken.
 II. {¶ 29} The second Assignment of Error questions the Court's determination of the marriage termination date.
 {¶ 30} R.C. 3105.171(A)(2)(a) is applicable as to this Assignment of Error and states:
 {¶ 31} "(2) "During the marriage" means whichever of the following is applicable:
 {¶ 32} "(a) Except as provided in division (A)(2)(b) of this section, the period of time from the date of the marriage through the date of the final hearing in an action for divorce or in an action for legal separation;
 {¶ 33} "(b) If the court determines that the use of either or both of the dates specified in division (A)(2)(a) of this section would be inequitable, the court may select dates that it considers equitable in determining marital property. If the court selects dates that it considers equitable in determining marital property, "during the marriage" means the period of time between those dates selected and specified by the court."
 {¶ 34} Under such statutory authority and the facts of the case sub judice as determined by the Court, we fail to find an abuse of discretion even though the parties had separated long before the final hearing date.
 {¶ 35} We therefore disagree with this second Assignment of Error.
 III. {¶ 36} The argument of the third Assignment of Error seems more appropriate to being appealed and presented by Appellee.
 {¶ 37} The $16,000.00 in legal fees was deducted by Appellant from the marital asset, the IDS Cash Management Account and was utilized for the intended benefit of Appellee in his employment litigation.
 {¶ 38} Appellee could have argued that this constituted dissipation of assets or that she should have been given credit for all or one-half of such deducted sum.
 {¶ 39} However, we are not concerned with non-appealed issues.
 {¶ 40} Here, Appellant wishes to be made whole by a reimbursement of funds expended by him.
 {¶ 41} We fail to appreciate this contention and also fail to find that the Court abused its discretion in this regard.
 {¶ 42} This third Assignment of Error is also denied.
 {¶ 43} This cause is affirmed at Appellant's costs.
By: Boggins, J., Hoffman, P.J., and Wise, J., concur.