OPINION
{¶ 1} This is an appeal from the division of property in a decree of divorce in the Stark County Common Pleas Court, Domestic Relations Division.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} The parties to this cause were married on December 13, 1975, with one child born of such marriage. Such child, while an adult, remains dependent due to developmental disabilities.
{¶ 3} The complaint for divorce was filed on June 21, 2004, with a counterclaim filed thereafter by Appellant.
{¶ 4} The only unresolved issues between the parties in the divorce which were not stipulated were the equity line of credit obligation and property division.
{¶ 5} Appellant was ordered to pay the equity loan and the property division was unequal.
{¶ 6} Appellee claimed financial misconduct on the part of Appellant in obtaining over $30,000.00 from the equity line of credit subsequent to a restraining order but no specific finding of such was made by the court.
{¶ 7} The sole Assignment of Error is:
 ASSIGNMENTS OF ERROR
{¶ 8} "I. THE TRIAL COURT ERRED IN FAILING TO EQUITABLY AND EQUALLY DIVIDE THE PARTIES' MARITAL ASSETS."
 I.
{¶ 9} R.C. § 3105.171 provides, in part:
{¶ 10} (A) As used in this section:
{¶ 11} "(3)(a) "Marital property" means, subject to division (A)(3)(b) of this section, all of the following:
{¶ 12} "(i) All real and personal property that currently is owned by either or both of the spouses, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;
{¶ 13} "(ii) All interest that either or both of the spouses currently has in any real or personal property, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;
{¶ 14} "(iii) Except as otherwise provided in this section, all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage;
{¶ 15} * * * *
{¶ 16} "(B) In divorce proceedings, the court shall, and in legal separation proceedings upon the request of either spouse, the court may, determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section. For purposes of this section, the court has jurisdiction over all property in which one or both spouses have an interest.
{¶ 17} "(C)(1) Except as provided in this division or division (E) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section.
{¶ 18} "(2) Each spouse shall be considered to have contributed equally to the production and acquisition of marital property."
{¶ 19} * * * *
{¶ 20} "(3) If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property.
{¶ 21} "(F) In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors:
{¶ 22} "(1) The duration of the marriage;
{¶ 23} "(2) The assets and liabilities of the spouses;
{¶ 24} * * * *
{¶ 25} "(9) Any other factor that the court expressly finds to be relevant and equitable.
{¶ 26} "(G) In any order for the division or disbursement of property or a distributive award made pursuant to this section, the court shall make written findings of fact that support the determination that the marital property has been equitably divided and shall specify the dates it used in determining the meaning of `during the marriage.'"
{¶ 27} The Assignment of Error asserts abuse of discretion in the division of marital assets and debts.
{¶ 28} In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case subjudice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
{¶ 29} Both parties agree that the division was unequal. Appellant asserts that Appellee received $21,022.53 more than she.
{¶ 30} Appellee holds that, setting aside the home equity obligation of $31,205.90, Appellant received $10,183.10 in excess of the asset value he received.
{¶ 31} It is accurate that the court made no specific finding of financial misconduct on the part of Appellant but the testimony clearly indicates that such home equity debt was incurred by Appellant in contravention of a restraining order. (Tr. p. 44-45, Defendant's Exhibits A, B, C, D, E, F, I and J.) The court, while not making specific findings relating thereto, assigned such debt to her.
{¶ 32} However, it is possible that, because Appellee participated in Appellant acquiring the 2001 Chrysler which represented $15,000.00 of the expenditures subsequent to the restraining order and the trip to Europe was, at least in part, for their daughter, the court felt that a finding of financial misconduct was not warranted.
{¶ 33} Without an explanation of the unequal division of assets as to which both parties agree, we are unable to determine if the court was applying subsection (C)(1) of R.C. 3105.171 rather than the mandates of subsection (B).
{¶ 34} We therefore reverse and remand this cause for a ruling as to the basis for the unequal division rather than presuming that an abuse of discretion occurred.
Boggins, P.J., Hoffman, J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is reversed and remanded. Costs assessed to appellee.