OPINION *Page 2 
{¶ 1} Plaintiff-appellant Theresa M. Lattanzi appeals the June 2, 2006 judgment entry of Stark County Court of Common Pleas, Domestic Relations Division.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The parties in this matter were married on December 13, 1975 with one child born of the marriage. The child is an adult but remains dependent upon her parents due to developmental disabilities.
 {¶ 3} Appellant filed a complaint for divorce on June 21, 2004. The trial court issued a restraining order on July 19, 2004 prohibiting the parties from engaging in certain activities, including the acquisition of any additional debt under the home equity line of credit.
 {¶ 4} After the entry of the July 19, 2004 restraining order, appellant accessed the home equity line of credit. Some of the debt incurred was for the benefit of their daughter. She also used the home equity line of credit to purchase a car that appellee helped her pick out. Appellant expended a total of $31,205.90 on the home equity line of credit.
 {¶ 5} The case proceeded to trial on December 17, 2004. The trial court issued its judgment on March 7, 2005, ordering an unequal division of the marital property without making a specific finding that appellant engaged in financial misconduct. The trial court awarded appellee the marital residence and ordered him to pay off the first mortgage. Appellant was ordered to pay the home equity loan debt and pay a small lump sum to appellee. Appellant was awarded seventy-nine percent of the marital portion of her state teacher's pension to offset the award of the home to *Page 3 
appellee. She was also ordered to secure life insurance for appellee. In the end, appellant argues that appellee received $21,022.53 more than appellant. Appellee counters that, setting aside the home equity obligation of $31,205.90, appellant actually received $10,183.10 in excess of the asset value appellee received.
 {¶ 6} Appellant appealed the March 7, 2005 judgment entry. This court in Lattanzi v. Lattanzi, 5th Dist. No. 2005CA00090,2006-Ohio-513, reversed and remanded the case because the trial court failed to make a specific finding under R.C. 3105.171 that appellant engaged in financial misconduct as its basis for ordering an unequal division of the marital property.
 {¶ 7} Upon remand, the trial court found on June 2, 2006 that the testimony of the parties and documentary evidence presented by the appellee to be sufficient to find appellant engaged in financial misconduct during the pendency of the case. The trial court stated that while the property division was not equal, it was equitable due to appellant's financial misconduct.
 {¶ 8} It is this decision appellant now appeals. She raises one Assignment of Error:
 ASSIGNMENT OF ERROR {¶ 9} "THE TRIAL COURT ERRED IN FAILING TO EQUITABLY AND EQUALLY DIVIDE THE PARTIES' MARITAL ASSETS."
 I. {¶ 10} In her sole Assignment of Error, appellant maintains the trial court abused its discretion when it failed to divide the marital assets equitably or equally. We disagree. *Page 4 
 {¶ 11} A review of a trial court's division of marital property is governed by the abuse of discretion standard. Martin v. Martin (1985),18 Ohio St.3d 292, 480 N.E.2d 1112. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. See Middendorf v.Middendorf, 82 Ohio St.3d 397, 1998-Ohio-403, 696 N.E.2d 575. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 12} In divorce proceedings, the trial court shall divide the marital and separate property equitably between the spouses. R.C.3105.171(B). R.C. 3105.171(C) provides, however, that if the equal division of the marital property would be inequitable, the court shall not divide the property equally between the spouses but instead shall divide it in the manner the court determines equitable. One of the factors the court must consider in determining whether to make an unequal but equitable division of the property is whether one of the spouses has engaged in financial misconduct. R.C. 3105.171(C)(3). Under R.C. 3105.171(C)(3), "[i]f a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property."
 {¶ 13} In its June 2, 2006, the trial court found the testimony and documentary evidence presented by the parties to be sufficient to demonstrate financial misconduct on the part of the appellant. We find under the totality of the circumstances, *Page 5 
the trial court did not abuse its discretion in awarding an unequal distribution of the marital property.
 {¶ 14} At the December 17, 2004 trial, appellant testified that she was aware of the restraining order in place as of July 19, 2004. Transcript at 15. Appellee presented documentary evidence of the appellant's expenditures after July 19, 2004 under the home equity line of credit and appellant testified to those expenditures at trial. Id. at 15-20. Appellant testified that she made those expenditures without the permission of the court. Id. at 17. Appellant drew on the line of credit to pay for appellant's trip to Europe with her daughter, appellant's moving expenses, car repairs and other of appellant's expenses.
 {¶ 15} Appellant argues that she did not engage in financial misconduct because some of the expenditures made by appellant were for the benefit of their daughter and sometimes approved by appellee. For example, one of the expenditures made by appellant on the home equity line of credit was for the purchase of a car that the appellee actually helped select for appellant. We do not find that the trial court abused its discretion in finding appellant's spending activities were financial misconduct. Appellant used the home equity line of credit in direct contravention of the July 19, 2004 restraining order. There is no evidence that appellee knew appellant was utilizing the home equity line of credit to pay any of her expenses, nor that his approval could overcome the restraining order of the trial court.
 {¶ 16} Based the foregoing, we find the trial court did not abuse its discretion in awarding, pursuant to R.C. 3105.171(C)(1) and (C)(3), an unequal division of the parties' marital property due to appellant's financial misconduct. *Page 6 
 {¶ 17} Appellant's sole Assignment of Error is overruled.
 {¶ 18} The judgment of the Stark County Court of Common Pleas, Domestic Division is affirmed.
 Delaney, J., Gwin, P.J. and Hoffman, J concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is AFFIRMED. Costs assessed to appellant. *Page 1